**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

M.M., individually and on behalf of all
others similarly situated   ,

        Plaintiff - Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director of the Colorado
Department of Corrections, in his
official capacity,

        Defendant - Appellee.

No. 96-1507

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 96-K-2010)**

---

Janet Benshoof, Center for Reproductive Law and Policy, New York, N.Y. (Mark
Silverstein, Jane Anne Bell, American Civil Liberties Union Foundation of
Colorado, Denver, Colorado, and Janet Crepps, Kathryn Kolbert, Center for
Reproductive Law & Policy, New York, N.Y., with her on the Brief), for
Plaintiff-Appellant.

Michael S. Williams, Denver, Colorado (Gale A. Norton, Attorney General and
Paul Farley, Deputy Attorney General, Colorado Department of Law, Denver,
Colorado, with him on the Brief), for Defendant-Appellee.

---

Before **BALDOCK** , Circuit Judge,   **HOLLOWAY** , Senior Circuit Judge, and **BROWN** , Senior District Judge.   *

---

**BROWN** , Senior District Judge.

---

Plaintiff, an indigent inmate confined in the Colorado Women's Correctional Facility in Canon City, Colorado, filed this § 1983 civil rights class action alleging that the defendant, Executive Director of the Department of Colorado Corrections, had denied her funds for transportation and medical expenses for abortion services in violation of the 8th and 14th Amendments to the Constitution.  In filing this complaint, plaintiff used the pseudonym "M.M." and filed a Motion For Leave to Proceed in Pseudonym.

Two issues are presented for decision by this court.  In the first instance, the court is required to rule upon defendant-appellee's Motion to Dismiss this appeal for absence of jurisdiction.   [1]  If there is jurisdiction, the second question for us is whether the district court abused its discretion by denying plaintiff leave to proceed under a pseudonym and by dismissing the case below for failure to

---

*Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

[1]  An order was entered in this appeal on May 6, 1997 to this effect:

>   The court reserves judgment on the motion to dismiss.  The matter will be referred to the panel assigned to hear this appeal on the merits.

-2-

comply with the Federal Rules of Civil Procedure, as well as for plaintiff's failure to comply with valid orders issued by the district court.

The procedural history leading to the appeal in this case may be summarized in the following manner:

Plaintiff filed her complaint on August 28, 1996, with a motion for leave to proceed in pseudonym. It appears that counsel for plaintiff did not confer with counsel for defendant prior to filing the motion for leave to proceed in pseudonym.

On that same day, plaintiff was transported to Boulder, Colorado, where she underwent an abortion procedure.

On August 30, 1996, the district court denied plaintiff's motion for leave to proceed in pseudonym:

> The Motion for Leave to Proceed in Pseudonym filed August 28, 1996, is **DENIED.** The case is subject to dismissal pursuant to Fed. R. Civ. P. 17, unless ratified by September 19, 1996. [2]

---

[2] Rule 17(a), Fed. R. Civ. P, provides in pertinent part that:

> Every action shall be prosecuted in the name of the real party in interest . . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of the real party in interest; and such ratification, joinder, or substitution shall have the same effect

(continued...)

On September 12, 1996, plaintiff filed a Motion to Reconsider the Order of August 30th. This motion was accompanied by a memorandum in support of that motion. [3] On September 17, the district court denied this motion, noting that it, with its accompanying memorandum, had been filed without leave of court. In addition, the court noted that plaintiff had failed to comply with the Local Rule of Practice 7.1A which provided that the court will not consider any motion, other than one filed under Rule 12 or 56, unless counsel for the moving party, before filing the motion, has conferred or made a good faith effort to confer with opposing counsel to resolve the disputed matter. The rules further require the movant to file a certificate describing compliance with this rule.

The district court further found the motion to reconsider "aberrational" in that it ignored established precedent in the circuit, and did not cite any authority to justify its filing. In addition, the district court found that the memo in support of the motion to reconsider "is itself an archetype of confusion," citing cases that have nothing to do with the prosecution of a case by an unidentified plaintiff, and completely ignoring "both controlling Tenth Circuit decisions and published

---

[2](...continued)
    as if the action had been commenced in the name of the real
    party in interest.

[3] Local Rule 7.1 G provides that any motion, other than a Rule 56 motion, shall briefly cite in its text authority to support it -- no separate brief is required or allowed to be filed, without leave of court.

decisions of this court."

With respect to the issue of anonymity, the court discussed the conflicting interests of plaintiff and the public in this manner:

> The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint. [4] [Citing Coe v. U. S. Dist. Court , 676 F. 2d 411, (10th Cir. 1982] Moreover, there is no express congressional grant of a right to proceed anonymously. There are a number of cases which recognize that identifying a party only by a pseudonym is an unusual procedure. None of them, however, points to any precise authority for the practice . . . .
>
> Even if one assumes there is a legitimate basis for permitting a party in litigation to maintain anonymity, the few cases which discuss the propriety of the practice or recognize it implicitly require a balancing of competing interests. We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view . . . Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

---

[4] Rule 10(a) F.R.Civ. Proc., provides in pertinent part that:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

The issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant. Of course privacy interests are recognized in particular circumstances to be in the public interest. It is alleged in the complaint that the unnamed plaintiff is an indigent pregnant inmate of the Colorado Department of Corrections who wished to obtain an abortion and that the Department of Corrections refused to pay for the necessary medical services. Obviously, the case as posited presents issues of public policy: the expenditure of public funds on the one hand and the desire of an inmate to maintain anonymity in circumstances in which her name, condition and exact location are known to the defendant and must be known by the personnel in the department he heads as a matter of statutory mandate and public safety on the other. I find that whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it. [App. of Plaintiff-Appellant, pp. 28-29].

In denying the motion for reconsideration, the district court extended the time for ratification of the initial complaint to September 25, 1996, with the proviso that if the complaint was not ratified in accordance with Federal Rule 17 by that date, it would be dismissed "without further notice."

On September 25, 1996, plaintiff filed an amended complaint revealing her true name, with a motion to hold this amended complaint "Under Seal" pending appeal. On that same date, plaintiff filed a notice of appeal with the Tenth Circuit, appealing the court's orders of August 30th and September 17th, discussed above. On September 26, 1996, the district court denied the motion to

hold the amended complaint "under seal." In this order, the court gave plaintiff until 5:00 p.m. September 26, 1996, to either withdraw the sealed complaint, or have it filed by the district court as a public record.

On September 26, the Tenth Circuit dismissed plaintiff's appeal of the August 30th and September 17th orders for lack of jurisdiction. On September 27, 1996, plaintiff sought relief from Mr. Justice Breyer of the Supreme Court as Supervisory Justice of this Circuit. On that same day, Justice Breyer denied the request.

On September 27, 1996, the district court entered a final order in this case, striking the unopened First Amended Complaint from its records, finding that the deadline for ratification had expired without the required Rule 17 ratification. In this respect, the district court ruled:

> . . . that the unopened envelope is stricken from the records of the court and returned to counsel. The deadline for filing a ratifica-tion by a named party of the actions taken in this case has expired without such ratification.
>     IT IS FURTHER ORDERED that this civil action is dismissed for failure to comply with Rule 10(a) of the Federal Rules of Civil Procedure by not including the names of all the parties in the title of the action in the complaint and for failure to comply with the orders of this court dated August 30, 1996 and September 17, 1996, requiring a real party in interest to be named who ratifies the commencement of the action or joins or is substituted for the real party in interest, all as required by Rule 17(a) Federal Rules of Civil Procedure.

In the first instance, this court determines that the motion to dismiss this appeal will be denied. The defendant points out that subject matter jurisdiction is never presumed, and the court must sua sponte raise the issue to assure proper appellate jurisdiction. Defendant contends that, absent permission by the district court to proceed anonymously, the federal courts lack jurisdiction over unnamed parties as a case has not been commenced with respect to them. National Commodity & Barter Ass'n. et al v. Gibbs, 886 F. 2d 1240 (10th Cir. 1989), and see Doe v. United States Dept. of Justice, 93 F.R.D. 483, 484 (D. Colo. 1982) holding that a "civil action has not been commenced and will not be commenced unless and until it is filed in full compliance with Rule 10(a) of the Federal Rules . . . ." In the National Commodity case, some plaintiffs were described merely as "members & subscribers" of the plaintiff association, and these unnamed parties were dismissed from the case, with these comments:

> In certain limited circumstances, ... courts have permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name. . . This procedure has not been permitted when only the plaintiff's economic or professional concerns are involved . . . or when there is the threat of criminal or civil prosecution . . .

> In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants. Absent permission by the district court to proceed anonymously,

and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them. (Citations omitted)(886 F. 2d at 1245).

In Mobley v. McCormick, 40 F. 3d 337 (10th Cir. 1994) this court was presented with a determination of whether an order of dismissal was appealable. We there stated the test in this manner:

Precedent establishes the rule that in determining whether an order of dismissal is appealable, we must examine whether the district court dismissed the complaint or the action . . . . A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available) . . . while a dismissal of the entire action is ordinarily final. . . . the focus must necessarily be on "the district court's intent in issuing its order." (Petty v. Manpower, Inc., 591 F. 2d 615, at 617). In that case the district court dismissed a pro se civil rights complaint without prejudice as a sanction under Rule 41(b). We concluded the district court intended to dismiss the action, rather than simply the complaint, and therefore, found the order appealable. . . [40 F. 3d at 339](Emphasis supplied).

In the case before us, plaintiff has appealed from the order denying her leave to proceed under an assumed name, the order denying her leave to file an amended complaint under seal, and the order dismissing her entire action as a sanction for failure to comply with applicable federal rules, and the orders of the court. While the district court did not specify whether the dismissal was with or without prejudice, Rule 41(b) Fed. R. Civ. P. provides that "Unless the court in its

order for dismissal otherwise specifies . . . any dismissal not provided for in this rule . . . operates as an adjudication on the merits ." A dismissal which is not provided for in Rule 41 includes a dismissal by the district court on its own motion for failure to comply with a rule or order of the court. See Canada v. Matthews , 449 F. 2d 253, 254 (5th Cir. 1971). Under these circumstances, it is clear that plaintiff's entire action has been dismissed, and we therefore find that the motion to dismiss the appeal should be denied.

There being jurisdiction in this appeal, the only question on appeal is whether or not the district court abused its discretion in denying leave to file under a pseudonym and in dismissing the case as a sanction for violation of rules and failure to follow the orders of the court. In either case, these orders depended upon the exercise of discretion by the trial court and our review is limited to the question of abuse of that discretion.

In Lindsey v. Dayton-Hudson Corp. , 592 F. 2d 1118 (10th Cir. 1979), cert. den. 444 U.S. 856, 62 L. Ed. 2d 75, plaintiff sued for false imprisonment, malicious prosecution, assault and battery, slander and civil rights violations. As a side issue in the case, the court considered whether or not plaintiff had a right to proceed under the fictitious John Doe name to preserve his anonymity. It was pointed out that the decision involved a weighing of a privacy issue against the public interest:

(592 F. 2d at 1125)

This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments. Yet the Supreme Court has given the practice implicit recognition in the abortion cases. . . with minimal discussion. Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children. We have found only a few cases where the propriety of the technique was discussed . . . .

***

While the issue is not free from doubt <u>we think all cases we reviewed implicitly, at least, recognize that identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized</u>. It is subject to a decision by the judge as to the need for the cloak of anonymity. The lower court here gives no reason for its denial of permission to use the pseudonym. But Lindsey had already suffered the worst of the publicity and embarrassment by being a named defendant in a state criminal trial. . . This is not a case where there seems a social interest in concealment of his identity. <u>We believe that the proper standard of review upon appeal is whether the trial court abused its discretion</u>, and hold that it did not err in refusing to permit the action to be carried on under the John Doe pseudonym. (Emphasis supplied; citations omitted).

In <u>Doe v. Frank,</u> 951 F. 2d 320 (11th Cir. 1992) a former postal employee sued for unlawful discrimination because of his physical handicap i.e., alcoholism. The District Court denied his motion to proceed under a fictitious name, and on

-11-

appeal the appellate court found that this was not an abuse of discretion:

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.  This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness.  [951 F. 2d at 324].

See also  James v. Jacobson  , 6 F. 3d 233 (4th Cir. 1993), where the court ruled

that a decision to allow or to deny parties to proceed anonymously must be based

upon "informed discretion", after taking all relevant factors into consideration:

> . . . Federal courts traditionally have recognized that in some cases the general presumption of open trials - including identification of parties and witnesses by their real names - should yield in deference to sufficiently pressing needs for party or witness anonymity.  Whether the circumstances warrant anonymity in particular cases is committed in the first instance to trial court discretion, which is then subject to appellate review only for "abuse".  This means that there is no legal right in parties either to be allowed anonymity or to avoid it, and that trial courts correspondingly have no unreview-able license either to grant or deny anonymity on general principles, but power only to grant or deny it on the basis of an "informed"  discretion. . . Failure to take relevant factors into account or acting on the basis of legal or factual misapprehensions respecting those factors makes an exercise of discretion not "informed", hence potentially an abuse of discretion.  [6 F. 3d at p. 242].

In <u>Coe v. U.S. Dist. Court for Dist. of Colorado</u>, <u>supra</u>, 676 F. 2d 411 (10th Cir. 1982) a doctor, facing professional disciplinary proceedings arising from complaints of alleged sexual or immoral improprieties, sued to enjoin public hearings before the state medical board. Plaintiff there contended that public hear-ings would cause irreparable harm to his career. Considering the issue under Rule 10(a) of the Federal Rules of Civil Procedure, this circuit determined that plaintiff's interest in privacy was outweighed by the public interest.

In the situation in the case now before us, it is clear that the district court exercised "informed discretion" and weighed the plaintiff's claimed right to privacy against the countervailing public interest in determining that the motion to proceed under a fictitious name should be denied. [5] While plaintiff claims that

---

[5] Article V, § 50 of the Colorado Constitution provides that public funding for abortions is "forbidden":

> No public funds shall be used by the State of Colorado, its agencies or political subdivisions to pay or otherwise reimburse, either directly or indirectly, any person, agency or facility for the performance of any induced abortion, <u>PROVIDED HOWEVER</u>, that the General Assembly, by specific bill, may authorize and appropriate funds to be used for those medical services necessary to prevent the death of either a pregnant woman or her unborn child under circumstances where every reasonable effort is made to preserve the life of each.

In <u>Hern v. Beye</u>, 57 F.3d 906 (10th Cir. 1995), <u>cert. den.</u>, 33 L.Ed 2d 494, this circuit ruled that the State of Colorado, as a participant in the Medicaid program could not deny funding for abortions to women who are victims of rape or incest.

her inability to proceed under a pseudonym "might subject her to humiliation, embarrassment and to possible intimidation and retaliation by staff members of the institution where she is detained," (App., p. 12) it is readily apparent, as the district court found, that in fact the plaintiff's identity is already known to the state agency and staff.

In the first instance, we believe that the prejudice to the public interest is clear, should the district court have allowed plaintiff to proceed under a fictitious name. Plaintiff's claim to relief clearly involves the use of public funds, and the public certainly has a valid interest in knowing how state revenues are spent.

In determining whether or not a district court abused its discretion in dismissing a case for violation of court rules and orders, this circuit has considered various factors bearing upon the issue. These include the degree of prejudice to the defendant, the amount of interference with the judicial process, the culpability of the litigant, and whether he has been warned in advance of the possibility of dismissal, and a consideration of lesser sanctions than dismissal. See Ehrenhaus v. Reynolds, 965 F. 2d 916, 921 (10th Cir. 1992). The record in this case establishes that plaintiff was given several opportunities to comply with the federal rules of procedure governing the case and the orders of the court, and that she was warned in the event of a failure to do so her case would be dismissed.

The dismissal in this case can only be overturned if the orders of the court are found to constitute an abuse of discretion.  The district court did not abuse its discretion in dismissing the action because its decision fully complied with the tests set out by this Court in <u>Ehrenhaus v. Reynolds</u>, <u>supra</u>.  In particular, we conclude that the plaintiff's refusal to comply with the Federal Rules of Civil Procedure and the district court's orders interfered with the judicial process.  Fair warning was given that the case would be dismissed, and there is no reason to believe that lesser sanctions would be effective in compelling compliance with the orders of the court.

Under these circumstances, the judgment of the district court is AFFIRMED.