**Venita De FOE, Plaintiff,**

v.

**SPRINT/UNITED MANAGEMENT COMPANY, Defendant.**

**No. 98–2366–JWL.**

United States District Court, D. Kansas.

June 15, 2000.

Venita De Foe, Kansas City, KS, Pro se.

Brian J. Finucane, James R. Holland, II, Bioff, Singer & Finucane, Kansas City, MO, Stephany J. Newport, Kansas City, MO, for defendants.

### MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

This action arises out of pro se plaintiff Venita De Foe's employment with defendant Sprint/United Management Company. On May 17, 2000, defendant moved for the dismissal of this action with prejudice as a sanction for plaintiff's repeated noncompliance with court orders. In addition, on June 2, 2000, Magistrate Judge Waxse ordered plaintiff to show cause in writing why this action should not be dismissed with prejudice for plaintiff's failure to appear at a scheduling conference, failure to confer with opposing counsel regarding scheduling issues, failing to serve opposing counsel with copies of various motions she filed and misrepresenting in the certificates of service accompanying those motions that service had in fact been made on opposing counsel. For the reasons set forth in defendant's motion to dismiss (doc. # 100) and because plaintiff has failed to show good cause why this action should not be dismissed for the reasons described by Judge Waxse, the court hereby dismisses this action. Plaintiff's complaint is dismissed in its entirety with prejudice.

*Background*

Plaintiff filed her complaint in August 1998, naming numerous individuals and entities as defendants. On September 25, 1998, the court signed an order dismissing the individual defendants pursuant to the parties' stipulation. All other corporate defendants except Sprint/United Management Company

were eventually dismissed for plaintiff's inability, despite numerous opportunities and extensions from Magistrate Judge Rushfelt, to effectuate proper service upon those entities. Shortly thereafter, plaintiff filed her first motion in a series of five motions for default judgment and/or directed verdict against all "defendants" named in her complaint for those "defendants" alleged failure to answer plaintiffs' complaint. That motion was denied by this court for plaintiff's failure to comply with local court rules governing the filing of motions.

In August 1999, plaintiff filed two motions for default judgment and/or summary judgment against all "defendants" named in her complaint for the same reason cited in her initial motion—the alleged failure of those defendants to answer plaintiffs' complaint. This court denied those motions, explaining to plaintiff what Magistrate Judge Rushfelt had explained on numerous occasions—that plaintiff's second amended complaint named only one defendant, that the defendant was not in default and that there was no basis to enter summary judgment in plaintiff's favor at that stage in the litigation. During the same time frame, plaintiff was repeatedly refusing to provide her initial disclosures as mandated by Federal Rule of Civil Procedure Rule 26(a) and refusing to respond to defendant's first interrogatories and request for production of documents. Defendant's filed a motion to compel such discovery with the court.

On March 9, 2000, Magistrate Judge Waxse issued an Order in which he granted defendant's motion to compel discovery. Concluding that plaintiff had waived any objections she may have had to defendant's discovery requests, Judge Waxse ordered plaintiff to respond fully to those requests within twenty days of the date of the Order. Judge Waxse also imposed sanctions against plaintiff in the amount of $300.00 in connection with the costs and fees associated with defendant's motion to compel. Finally, the court expressly cautioned plaintiff that any further noncompliance with procedural rules or court orders could result in the dismissal of her lawsuit. In that Order, Judge Waxse highlighted several examples of plaintiff's

refusal to comply with procedural rules and her continued "abuse" of the judicial process. Plaintiff sought this court's review of Judge Waxse's Order.

On April 26, 2000, this court ruled on two additional motions for default judgment and/or summary judgment filed by plaintiff. These motions were virtually identical to her three previous motions for default judgment and/or directed verdict and/or summary judgment; plaintiff continued to press the issue of service of process on entities and individuals that were not in fact defendants in this action. The court denied those motions for the same reasons set forth in the court's previous order. The court also ordered plaintiff to comply with Magistrate Judge Waxse's March 9, 2000 Order, including the payment of sanctions.

On the same day, Judge Waxse entered an Order setting a scheduling conference for the case on May 30, 2000. The Order directed plaintiff and counsel for defendant to meet in person or via telephone to discuss proposed dates for various deadlines. Plaintiff did not appear at the May 30, 2000 scheduling conference, did not notify the court that she would not be appearing at the conference, and did not attempt to reschedule the conference. At the conference, counsel for defendant advised Judge Waxse that plaintiff had failed to meet with defendant's counsel to discuss any of the issues that Judge Waxse had directed the parties to discuss in the April 26, 2000 Order. It further came to light at the scheduling conference that plaintiff had failed to serve defendant's counsel with copies of two motions that she had recently filed.

On June 2, 2000, Judge Waxse issued an order memorializing the above events and noting that "the record in this case reflects a history of plaintiff failing to serve pleadings on defense counsel and misrepresenting that service was made, in addition to other violations of the Federal Rules of Civil Procedure and Rules of Practice of this District." As a result, Judge Waxse ordered plaintiff to show good cause in writing why the action should not be dismissed for her transgressions. On June 13, 2000, plaintiff responded to the show cause order. In her response, plaintiff

makes no effort to explain her absence at the scheduling conference, her failure to meet with opposing counsel regarding deadlines, or her repeated failure to serve copies of her motions on opposing counsel. Rather, plaintiff simply chronicles her efforts to serve additional defendants in this action and reiterates her belief that numerous other entities have been properly served with process and should be named as defendants in this action.

Despite an order from this court, Judge Waxse, and numerous reminders and requests from opposing counsel, plaintiff, as of the time of this writing, has still not provided her Rule 26(a) initial disclosures, has not responded to defendant's discovery requests, and has not paid the $300 in sanctions.

*Discussion*

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id.* Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id.* Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.* A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *See id.* (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Turnbull v. Wilcken,* 893 F.2d 256, 258–59 (10th Cir. 1990)). As set forth below, each of these rules provides a basis for the court to dismiss plaintiff's complaint here.

█ In determining whether to dismiss plaintiff's complaint, the court is guided by principles set forth by the Tenth Circuit in *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir.1992). In *Ehrenhaus,* the Circuit characterized dismissal with prejudice as "an extreme sanction" and cautioned district courts to consider a number of factors before choosing dismissal as a just sanction. *See id.* at 920–21. These factors include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See id.* at 921; *accord M.M. v. Zavaras,* 139 F.3d 798, 803–04 (10th Cir.1998); *Jones,* 996 F.2d at 264.

The record before the court has abundant support for each of the factors set forth above. Turning to the first factor, the defendant has been prejudiced in that it has had to hire counsel to battle with the plaintiff with respect to scheduling issues and discovery issues on multiple occasions. The defendant has devoted significant resources, including time, expense and attorneys' fees in a case that has made no progress since it was filed. In fact, there has been virtually no discovery in this case—a case that was filed nearly two years ago. *See Jones,* 996 F.2d at 264–65 (affirming dismissal of plaintiff's action in part because plaintiff's conduct caused delay and increased attorneys' fees); *Ehrenhaus,* 965 F.2d at 921 (same). The fact that the plaintiff is acting pro se and, therefore, is not incurring similar expenses only compounds the situation.

The second factor also supports dismissal of this action. As in *Jones,* the plaintiff here has "repeatedly ignored court orders and thereby hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." *Jones,* 996 F.2d at 265. The plaintiff has demonstrated time and again that she has no respect for the judicial process and continues to flout the court's authority. She refuses to engage in the discovery process and refuses to follow even the simplest of procedural rules, including serving opposing counsel with copies of motion papers. *See Ehrenhaus,* 965 F.2d at 921 (affirming dismissal of plaintiff's action in part because the plaintiff, by wilfully failing to comply with the court's orders, "flouted the court's authority").

The third factor focuses on the plaintiff's culpability. The plaintiff has refused to cooperate in the discovery process, has failed to attend a scheduling conference, and has ig-

nored court orders dealing with discovery and with the payment of previous sanctions. By acting pro se the plaintiff has no one to blame for these deficiencies but herself. She is clearly culpable.

The fourth factor is also satisfied. The plaintiff was expressly warned in Magistrate Judge Waxse's March 9, 2000 order that dismissal would be a likely sanction for further noncompliance. Specifically, Judge Waxse's order stated as follows:

> The Court, however, does warn Plaintiff that any further refusal or failure to engage in discovery, provide disclosures, response to discovery requests or cooperate in discovery, or refusal or failure to comply with any rules of this District, Federal Rules of Civil Procedure, or Orders of this Court, will result in the imposition of sanctions against Plaintiff, up to and including dismissal of her entire lawsuit.

In addition, Judge Waxse subsequently ordered the plaintiff to show cause in writing why her case should not be dismissed in its entirety with prejudice for her numerous transgressions. *See* June 2, 2000 Order, p. 2. In short, notice to the plaintiff has been clear and direct.

Finally, the court considers the efficacy of lesser sanctions. After carefully reviewing the record before the court and the history of this litigation, the court concludes that nothing short of dismissal would be effective. Since the March 9, 2000 order, the plaintiff has continued to refuse to provide Rule 26(a) disclosures, refused to respond to the defendant's discovery requests and refused to pay the $300 sanction as ordered by this court. In other words, despite the warning that her case was subject to dismissal for further noncompliance, the plaintiff has continued to intentionally fail to comply with court orders. *See Jones*, 996 F.2d at 265–66 (dismissal of plaintiffs' action was appropriate where plaintiffs, with the threat of dismissal facing them, still refused to comply with court orders); *Ehrenhaus*, 965 F.2d at 922 (dismissal of plaintiff's action was appropriate where plaintiff intentionally failed to comply with court orders even after notice that noncompliance would result in dismissal).

 In short, the plaintiff has repeatedly and intentionally disobeyed the orders of this court and the orders of Judge Waxse, while simultaneously failing to offer any satisfactory justification for her actions. Dismissal with prejudice of the plaintiff's complaint is the appropriate sanction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc. # 100) is **granted.** Plaintiff's complaint is dismissed *with prejudice in its entirety.*

**IT IS SO ORDERED.**