**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AMANDA KAYE PHILLIPS,

    Plaintiff - Appellant,

v.

AUSTIN POLICE DEPARTMENT;
TRAVIS COUNTY SHERIFF'S OFFICE;
GUSTAVO GARCIA, JR.; TEXAS
BOARD OF NURSING; TEXAS STATE
BAR; CITY OF AUSTIN, TEXAS;
DAVID MOSS CORRECTIONAL -
TULSA COUNTY JAIL; TULSA
EMERGENCY MEDICAL SERVICES
AUTHORITY; JOHN DOE, sued as Male
Paramedic, Male US Marshal 1, Male US
Marshal 2, Male US Marshal 3; JANE
DOE, Sued as Female Paramedic;
OKLAHOMA BOARD OF NURSING;
CARMEN NICKEL, MS, RN, President of
Oklahoma Board of Nursing;
KATHERINE THOMAS, President of
Texas Board of Nursing; TRAVIS
COUNTY TEXAS; C. PIERCE, Austin
Police Officer; ASCENSION;
CHRISTOPHER BORN, CEO Dell
Childrens; SETON FAMILY OF
HOSPITALS; AUSTIN COMMUNITY
COLLEGE DISTRICT; U.S. MARSHALS
SERVICE; BRITTANY GARRETT, Dell
Childrens RN recruiter; DEB BROWN,
former Chief Nurse Officer at Dell
Children's; TRAVIS COUNTY DISTRICT
ATTORNEY OFFICE,

    Defendants - Appellees.
_____

No. 20-5025
(D.C. No. 4:20-CV-00002-CVE-JFJ)
(N.D. Okla.)

AMANDA PHILLIPS,

      Plaintiff - Appellant,

v.

UNIVERSITY OF TEXAS DELL
MEDICAL SCHOOL,

      Defendant - Appellee.

No. 20-5027
(D.C. No. 4:18-CV-00383-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Plaintiff Amanda Phillips appeals the denial, in two cases, of her motion to

redact certain information from public filings and to proceed under a pseudonym.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Phillips filed two separate civil suits in the Northern District of Oklahoma.

Three months after she filed No. 18-CV-383-GKF-FHM (appeal No. 20-5027), the

district court ordered Phillips to show cause why her complaint should not be

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

dismissed for failure to serve the defendant, the University of Texas Dell Medical School. Phillips failed to respond, so the court dismissed the case.

In No. 20-CV-00002-CVE-JFJ (appeal No. 20-5025), she named twenty-six defendants, some of whom were residents of Oklahoma and some of whom were residents of Texas. Because Phillips had been granted leave to proceed in forma pauperis (IFP), the district court sua sponte screened the complaint pursuant to 28 U.S.C. § 1915(e) and dismissed all claims on various grounds including improper venue, failure to state a claim, and frivolousness.

After the cases had been dismissed, Phillips filed identical "Motion[s] to Redact and Replace" in both cases. In the motions, she asked the court to remove her name from all filings and replace it with "Jane Doe" and to redact any information related to her financial accounts from any public filings. The courts entered orders denying the motions in their respective cases on March 6, 2020. The order in 18-CV-383-GKF-FHM (20-5027) directed that Phillips' IFP motion be sealed, and in 20-CV-00002 (20-5025) the court reviewed the IFP motion and determined it did not contain any sensitive financial account information. Both courts denied Phillips' request that her name be replaced with "Jane Doe." Phillips appeals the orders denying her motions to redact and replace.

## DISCUSSION

While we construe pro se arguments liberally, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

3

(10th Cir. 2005). We review for abuse of discretion the district court's denial of a motion to file under pseudonym. *See M.M. v. Zavaras,* 139 F.3d 798, 802 (10th Cir. 1998). "A court abuses its discretion when its ruling is arbitrary, capricious, whimsical or manifestly unreasonable or when we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1216 (10th Cir. 2016) (internal quotation marks omitted).

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). No federal statute or rule of procedure supports the practice. *Id.* This court has nevertheless recognized that anonymity in court proceedings may sometimes be warranted, but it is limited to "exceptional circumstances," such as cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

On appeal, while Phillips reiterates some of the reasons that she would prefer her name be redacted from her public filings, she does not set forth any "exceptional circumstances" warranting anonymity in this case. She also does not demonstrate how either district court exceeded the bounds of permissible choice in denying her

4

request. We therefore conclude the district courts acted within their discretion in denying Phillips' motions.

In 20-5025, Phillips also makes a separate argument on appeal that the district court judge was improperly biased against her. But Phillips failed to preserve her claim of judicial bias because she did not timely move for recusal. *See United States v. Nickl*, 427 F.3d 1286, 1297–98 (10th Cir. 2005). Because Phillips did not do so, we review this claim only for plain error, *id.*, and because Phillips does not argue for plain error on appeal, we decline to reverse the district court judgment on this basis, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

## CONCLUSION

For the foregoing reasons, we affirm the orders of the district courts in 20-5025 and 20-5027 denying Phillips' "Motion to Redact and Replace."

Entered for the Court


Allison H. Eid
Circuit Judge

5