**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JANE ROE,

     Plaintiff - Appellant,

v.

COLORADO JUDICAL
DEPARTMENT, a division of the
State of Colorado; BRIAN D.
BOATRIGHT, individually &
officially, Chief Judge of the Colo.
S. Ct.; BRYON M. LARGE,
individually & officially, Presiding
Disciplinary Judge of the Colo. S. Ct.;
JESSICA E. YATES, Esq.,
individually & officially, Attorney
Regulation Counsel of the Colo.
S. Ct.; JACOB M. VOS, individually
& officially, Asst. Regulation Counsel
of the Colo. S. Ct.; RHONDA WHITE
MITCHELL, individually & officially,
Sr. Asst. Regulation Counsel of the
Colo. S. Ct.; CHERYL STEVENS,
individually & officially, Clerk of the
Colo. S. Ct.,

     Defendants - Appellees.

No. 25-1264
(D.C. No. 1:24-CV-03400-STV)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

---

Plaintiff-Appellant appeals the district court's denial of her request to proceed in her lawsuit while using a pseudonym. Exercising jurisdiction under the collateral order doctrine, *see Xingfei Luo v. Wang*, 71 F.4th 1289, 1291 n.2 (10th Cir. 2023), we affirm.

**I**

Appellant previously held a Colorado law license. As alleged in her complaint, Colorado attorney regulators first found her disabled from the practice of law and then disbarred her. The Colorado Supreme Court later precluded her from representing herself in Colorado courts. She then filed this pro se federal civil action against the Colorado Judicial Department

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

and officials involved in the disability and disciplinary proceedings, alleging those proceedings were discriminatory and unlawful in numerous ways.[1]

Appellant filed her complaint using the pseudonym Jane Roe instead of her real name. A magistrate judge concluded the use of the pseudonym made her complaint deficient under Federal Rules of Civil Procedure 10(a) and 17(a) and ordered that "[i]f Plaintiff wishes to proceed using a pseudonym, she must seek permission of the Court and demonstrate that she has an important privacy interest that should allow her to use this unusual procedure." R. at 52.

Appellant filed an amended complaint, again using a pseudonym. She disclosed her name in a notice made available to the court and defendants, but she moved to restrict public access to that notice and her identity. Non-parties the Colorado Freedom of Information Coalition (CFIC) and Eugene Volokh filed an objection to her motion to restrict.[2] After receiving a response to that objection from Appellant, a second magistrate judge denied

---

[1] We ordinarily give a liberal construction to pro se parties' filings, but we need not do so where the party is an attorney. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Our decision in this appeal would not be any different, whether or not we give Appellant's filings a liberal construction.

[2] CFIC and Volokh objected without moving to intervene. *See* D.C.COLO.LCivR 7.2(d) (providing that the district court will publish public notice when parties move to restrict access to court filings, and that "[a]ny person may file an objection" to such motions).

her request to proceed under a pseudonym.[3] The magistrate judge concluded "Plaintiff's allegations are entirely too vague and too conclusory to overcome the presumptive right of public access to court filings and proceedings and to warrant restriction." R. at 203. The court ordered Appellant to file an amended complaint using her real name if she wished to proceed.

Appellant objected to the magistrate judge's order. The district court overruled her objections and ordered that if she did not file an amended complaint using her real name the action would be dismissed. Appellant challenges that order in this appeal. *See Xingfei Luo*, 71 F.4th at 1291 n.2 ("Orders denying motions to proceed anonymously are immediately appealable under the collateral order doctrine." (brackets and internal quotation marks omitted)).

## II

"There is no court rule or statute permitting pseudonymous pleading." *Id.* at 1296. "Rather, Federal Rule of Civil Procedure 10(a) requires the names of all parties to appear in the caption of a complaint, and the title of all other pleadings must name the first party on each side." *Id.* We have observed that "'[l]awsuits are public events' and 'there is no legal right in

---

[3] The first magistrate judge recused after Appellant disclosed her identity.

parties to be allowed anonymity.'" *Id.* (ellipsis omitted) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). "'Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials.'" *Id.* (quoting *Femedeer v Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

We have therefore recognized a "general presumption of open trials—including identification of parties . . . by their real names." *M.M.*, 139 F.3d at 803 (internal quotation marks omitted). A party seeking to use a pseudonym has the burden "to overcome the public's presumptive right to know her identity," *Xingfei Luo*, 71 F.4th at 1292, and "the need for party anonymity must outweigh the presumption of openness," *id.* at 1296 (brackets and internal quotation marks omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (internal quotation marks omitted). "The risk that a plaintiff may suffer some embarrassment is not enough." *Id.* (internal quotation marks omitted).

"This court reviews a district court's order denying leave to proceed under a pseudonym for an abuse of discretion." *Xingfei Luo*, 71 F.4th at

1296. "When a district court has exercised its discretion, we will reverse only upon a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* at 1297 (internal quotation marks omitted).

A

Appellant fails to show the district court abused its discretion in denying her request to use a pseudonym. Although she argues her case presents all three kinds of circumstances we have held support the use of a pseudonym, we cannot agree.

*First*, we are not persuaded this case involves "matters of a highly sensitive and personal nature" to any degree that outweighs the presumption of openness. *Xingfei Luo*, 71 F.4th at 1299. Appellant's brief does not clearly identify what "highly sensitive and personal" matters she seeks to shield. Past cases in which plaintiffs have been allowed to use a pseudonym have commonly required them to "divulge[] personal information of the utmost intimacy," or "admit that they either had violated state laws . . . or wished to engage in prohibited conduct." *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 416 (10th Cir. 1982) (internal quotation marks omitted). But neither is true here.

Appellant acknowledges her identity was made public in the underlying disbarment proceeding but argues disclosing it in this case

6

"would expand stigma." Op. Br. at 12.[4] However, her own "embarrassment" regarding the disability and disbarment proceedings "is not enough" to support her use of a pseudonym. *Femedeer*, 227 F.3d at 1246 (internal quotation marks omitted).

In *Coe*, for example, a doctor brought a federal complaint seeking to enjoin public medical disciplinary proceedings that arose from "charges of sexual or immoral improprieties." 676 F.2d at 412. We upheld the denial of his request to use a pseudonym, concluding his "privacy interest [did] not outweigh the public's interest," given "the right of the public to know all of the facts surrounding the formal [medical disciplinary] proceedings." *Id.* at 418. We reach the same result here, where Appellant likewise challenges professional licensing proceedings and – so far as her brief reveals – the underlying facts are less sensitive than in *Coe*.

*Second*, Appellant has not shown she faces "real dangers of physical harm." *Xingfei Luo*, 71 F.4th at 1296. She claims there are "concrete risks of retaliation and stigma." Op. Br. at 11. But this assertion is conclusory.

---

[4] Appellant also argues that she should be allowed to use a pseudonym so court filings will not be used to advance "private spite and public scandal." Op. Br. at 11. This argument relies on *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), which relates to "the right to inspect and copy judicial records," rather than use of a pseudonym. But Appellant did not ask to seal specific sensitive documents but instead to use a pseudonym in all public filings.

She does not explain how public disclosure of her identity would place her in danger of suffering harm.[5]

*Third*, we are unpersuaded by Appellant's argument that "[t]he very harm at issue – retaliation by judicial actors – would be aggravated by disclosure" of her identity. Op. Br. at 9. The use of a pseudonym may be appropriate "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Xingfei Luo*, 71 F.4th at 1299 (internal quotation marks omitted). However, it is not required when a plaintiff is "not suing . . . to prevent the disclosure," but instead "for compensation for disclosure that has already happened." *Id.* at 1300 (internal quotation marks omitted).

Appellant claims defendants had discriminatory motives for the disability and disciplinary proceedings and conducted them unlawfully. The injury she is litigating against is not the disclosure of her identity, but alleged improprieties in the proceedings and particularly their result,

---

[5] Our cases have referred to "dangers of *physical* harm." *Xingfei Luo*, 71 F.4th at 1296 (emphasis added) (internal quotation marks omitted). Courts have also inquired more broadly "whether identification poses a risk of retaliatory *physical or mental harm* to the party seeking to proceed anonymously or even more critically, to innocent non-parties." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (emphasis added) (alterations and internal quotation marks omitted). Here, Appellant has not shown disclosure of her identity would present any risk of either physical or mental harm sufficient to warrant use of a pseudonym.

namely the termination of her law license. To the extent her claims relate to identity disclosure, they seek relief for "a previous alleged defamation and disclosure," not to prevent an injury that would "be incurred because of the disclosure of her identity in this case." *Id.*

Appellant has therefore not shown her case presents "exceptional circumstances" that warrant the use of a pseudonym. *Femedeer*, 227 F.3d at 1246. And she has not otherwise shown the district court abused its discretion. She argues defendants would not be prejudiced because they and the court know her identity, and that "keeping [her] name out of the public would keep the focus on the merits" of her legal claims. Op. Br. at 9. But these arguments – which might be raised in almost any lawsuit – fail to show her case is "exceptional," or that the "unusual procedure" of using a pseudonym is appropriate. *Xingfei Luo*, 71 F.4th at 1296 (internal quotation marks omitted).[6] Appellant also argues CFIC and Volokh have improper motives for advocating public filing. We see no improper motive. And in any event, it was Appellant's burden to overcome the presumption of openness.

---

[6] In *Xingfei Luo*, we discussed prejudice to the defendant where the district court had evaluated such prejudice as part of its ruling. *See* 71 F.4th at 1294-95. The district court's ruling here did not address potential prejudice. So, the issue does not help Appellant show an abuse of discretion on the record in this case.

*See id.* Whatever CFIC and Volokh's motives may be, she has not carried that burden.

**B**

Appellant next argues the district court violated her constitutional rights by reviewing her complaint before issuing any summons or requiring defendants to respond or answer.[7] The district court acted pursuant to its Local Civil Rule 8.1(a), which authorizes early judicial review of pro se

---

[7] We address Appellant's arguments under Local Rules 8.1(a) and 7.2(d) to the extent she challenges the validity of the district court's order adopting the magistrate judge's denial of her request to use a pseudonym. That order is reviewable under the collateral order doctrine. *See Xingfei Luo*, 71 F.4th at 1291 n.2. To any extent she seeks to more broadly challenge the constitutionality of the district court's rules or procedures, we lack jurisdiction because no final order or judgment has entered. *See* 28 U.S.C. § 1291.

complaints and tolls the time for defendants to answer until that screening is complete.[8]

This court has upheld the constitutionality of the sua sponte review and dismissal of complaints filed by plaintiffs who proceed in forma pauperis, under 28 U.S.C. § 1915(e)(2). *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[S]ua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). Appellant does not explain how the review of her complaint was materially different from review under § 1915(e)(2), which the District of Colorado conducts under the same local rule.

---

[8] The rule reads:

A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination. A judicial officer may request additional facts or documentary evidence necessary to make this determination. The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s). A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk.

D.C.COLO.LCivR 8.1(a).

We find no constitutional violation. A magistrate judge reviewed Appellant's complaint and ordered her to correct identified deficiencies. A second magistrate judge reviewed her amended complaint and denied her request to use a pseudonym. When she objected, a district judge reviewed and adopted that ruling. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Appellant has not shown this procedure violated her rights. *See Curley*, 246 F.3d at 1284. We are also unpersuaded by her claim that review under Local Rule 8.1(a) "produced delay, unequal treatment, and denial of notice and an opportunity to be heard." Op. Br. at 12. After she asked to proceed pseudonymously, the non-parties objected, Appellant responded, and the district court ruled on her request. She disagrees with its ruling but was not denied the opportunity to present her arguments. And she offers no argument showing the district court would have either acted more quickly or ruled differently if it had used other procedures.

## C

Last, Appellant also argues the district court erred by allowing and considering CFIC and Volokh's objection to her motion to restrict. We do not find reversible error.

Appellant first contends the non-parties engaged in the unauthorized practice of law. *See* Op. Br. at 17. But contrary to her arguments, their objection was authorized by the district court's rules, and their lawyer did

12

not need a Colorado license. *See* D.C.COLO.LCivR 7.2(d) (allowing "[a]ny person" to object to a party's motion to restrict public access to court filings); D.C.COLO.LAttyR 3(a) (allowing admission to the court's bar by lawyers licensed in other states). We also disagree with her characterization that their objection improperly went beyond challenging the motion to restrict. And even if there were problems with the objection, she has not shown why that would be a reason to reverse. It was Appellant's burden to overcome the presumption of public filing, even if no objection had been filed. *See Xingfei Luo*, 71 F.4th at 1304; D.C.COLO.LCivR 7.2(d) ("The absence of objection alone shall not result in the granting of the motion [to restrict].").

Finally, Appellant argues the district court's reliance on Local Civil Rule 7.2(d) was "unconstitutional, because it allowed an objection to be filed by a non-party with no standing," Op. Br. at 16–17, and "the district court lacked Article III jurisdiction to consider [the non-parties'] objection," *id.* at 19. But on the record before us, we see no Article III defect. *See U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) ("Alleged violations of the public right to access judicial records and proceedings and to gather news are cognizable injuries-in-fact sufficient to establish standing."); *see also Xingfei Luo*, 71 F.4th at 1295 (recognizing Volokh's intervention "for the limited purpose of challenging the restriction of access").

## III

For the reasons above, we affirm the district court's order requiring Appellant to file an amended complaint using her real name.

We rule on the several pending motions as follows:

We deny CFIC and Volokh's motion to intervene on appeal (Doc. #3). *See Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) ("When intervention was not sought below . . . intervention on appeal will be permitted only in an exceptional case for imperative reasons." (internal quotation marks omitted)).

We deny Appellant's motion to strike the entry of appearance filed by CFIC and Volokh (Doc. #19).

We deny Appellant's motion to maintain her opening brief under seal (Doc. #31). Appellant has not overcome the presumptive right of public access to judicial records. *See Xingfei Luo*, 71 F.4th at 1304. The clerk will unseal her brief (Doc. #28).

We deny as moot CFIC and Volokh's motion to unseal Appellant's opening brief (Doc. #36).

We grant Appellant's motion to proceed without prepayment of costs or fees (Doc. #26).

Entered for the Court

Richard E.N. Federico
Circuit Judge