**John DOE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE; and the Drug Enforcement Administration, Defendants.**

**Civ. A. No. 82–K–64.**

United States District Court, D. Colorado.

Feb. 2, 1982.

Laura C. Harper, Telluride, Colo., for plaintiff.

Robert N. Miller, U. S. Atty., John R. Barksdale, Asst. U. S. Atty., Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

The plaintiff has filed a motion to proceed with this FOIA case without disclosing (his) true name. He has also filed an envelope, which he alleges to be a sealed affidavit containing his true name and he requests that I impound this sealed affidavit. The government has moved for a more definite statement which would provide the real name of the plaintiff and has also filed an objection to plaintiff's submission of the sealed affidavit.[1]

Pursuant to the order of this court the plaintiff has filed a memorandum brief in support of the motion to proceed without disclosing (his) true name. The plaintiff states in the memorandum that he is amendable to disclosing his true name to the government's lawyers providing I order the court's file sealed and that the court "seals the lips of the defendants and those associated with them." Such a request is tempting, but I will not succumb.

The plaintiff's memorandum brief reveals that he is a judge within the judicial system of the State of Colorado. He asserts that

1. The envelope was sealed when it was filed and it will remain so until such time as the plaintiff requests that it be opened and then it will be subject to public inspection.

public revelation of his efforts to find out what information and documents the Drug Enforcement Administration has relating to him "would personally embarrass him and prejudicially affect his privacy rights which this suit is expressly designed to protect." He asks for a protective order shielding him from improper use of his identity. His most recondite argument is that as a Colorado judge he has a duty to promote public confidence in the integrity of the judiciary and hence wishes to refrain from identifying himself "in order to avoid casting a shroud of suspicion over his office." He correctly points out that by identifying himself in an action to find out what the Drug Enforcement Administration has in its files about him he may jeopardize public confidence.[2]

None of the cases cited by the plaintiff, including my own, supports his position. *Doe and Moe v. Deschamps, et al.,* 64 F.R.D. 652 (D.C.Mont.1974), however, contains an excellent articulation of the general rule:

> As we view the matter, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of the parties to a lawsuit should not be concealed except in the unusual case.

The three judge court in *Doe and Moe* was concerned with a pregnant woman who wanted to test the constitutionality of Montana's abortion laws. It was also concerned with the desire of her physician to remain anonymous and about him it said:

> The doctor-plaintiff, however, does not bring his personal life into the lawsuit. If a person, free to choose, intends to do a future act which relates to his professional or economic life, we see no reason to grant him the privilege of anonymity in an action brought to determine the legality of that future act.

Other cases which permit an exception to the rule requiring disclosure usually relate to the existence of some protected privilege, as distinguished from interest, which would be destroyed by the publication which the litigation itself seeks to protect and still others relate to the protection of children and others who are not legally able to protect themselves. In the instant case, the plaintiff is apparently a public figure. No prolix recitation of authority should be required to establish that the public interest in the conduct of its business by public officials is of paramount importance. It is beyond cavil that the privacy interest of a judge in seeking to discover what information a criminal law enforcement agency has about him is of significantly less importance than the legitimate interest of the public in knowing the facts involved. In truth, the judgment (or common sense) that would lead to a contrary conclusion is, standing alone, a matter of significant public concern.

Finally, I have written at some length about the responsibility of judges to avoid secrecy, *in camera* hearings and the concealment of the judicial process from public view. *See Lorenz v. United States N.R.C.,* 516 F.Supp. 1151 (D.Colo.1981). I am not about to get involved in a cabal with a state judge to use the Freedom of Information Act in a judicial proceeding in which that same freedom of information is denied to the public and to his constituency. I hold that this civil action has not been commenced and it will not be commenced unless and until it is filed in full compliance with Rule 10(a) of the Federal Rules of Civil Procedure which requires that the title of the action shall include the names of all of the parties. In view of this holding, the motion and the objection of the government are moot.

IT IS ORDERED that this case is deemed closed. It may be reopened by the plaintiff by the filing of a complaint which complies

---

**2.** While such could certainly be the case, there is not the slightest indication that the plaintiff is concerned about the defendants keeping information about the performance of his judicial duties. On the contrary, the complaint and submitted papers are couched in terms of the plaintiff's privacy interests rather than in terms of any wrongdoing on the part of the defendants.

with Rule 10(a). If there is any doubt about the appealability of this decision, I hereby certify it pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because there is no just reason for delay and I therefore direct the entry of judgment that the case as filed is a nullity.