MEMORANDUM OPINION AND ORDER
 

 KANE, District Judge.
 

 This putative civil action is before me for consideration of a Motion To Reconsider filed on behalf of an unnamed plaintiff by three attorneys associated with the American Civil Liberties Union of Colorado and the Center for Reproductive Law and Policy asking me to reconsider my denial of a “Motion for Leave to Proceed in Pseudonym.” Accompanying the Motion is a “Memorandum In Support Of Motion To Reconsider.” The deficiencies in both are such that neither is well taken.
 

 Counsel are deemed to know the Local Rules of Practice for this court. D.C.COLO.LR 7.1 G provides: “Any criminal or civil motion, other than a Rule 56 motion, shall briefly cite in its text authority to support it. No separate brief is required or allowed without leave of court.” No such leave was requested or allowed by the court in this civil action.
 

 Local Rule of Practice 7.1A provides the court will not consider any motion, other than one filed under Fed.R.Civ.P. 12 or 56 unless counsel for the moving party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel to resolve the disputed matter. It further requires that “[cjounsel for the moving party shall file a certificate describing specifically the efforts to comply with this rule.” No such certificates were filed showing compliance with this Rule with
 
 *801
 
 respect to the instant motion or the initial motion.
 

 The motion to reconsider is aberrational. It ignores clearly established precedent in this circuit. In fact it cites no authority to justify its filing. Rather, the motion merely reiterates the relief requested in the motion which was denied.
 

 “A motion for reconsideration is proper when the court has ‘made a mistake not of reasoning but of apprehension ... [or] if there has been a significant change or development in the law or facts since submission.”’
 
 FDIC v. Hildenbrand,
 
 892 F.Supp. 1317, 1319-20 (D.Colo.1995) (quoting
 
 EEOC v. Foothills Title Guar. Co.,
 
 1991 WL 61012 at *3 (D.Colo. Apr. 12, 1991),
 
 affd,
 
 956 F.2d 277 (10th Cir.1992)).
 

 When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings____ Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous.
 

 Major v. Benton,
 
 647 F.2d 110, 112 (10th Cir.1981) (citations omitted).
 
 See also Houston v. Mile High Adventist Academy,
 
 872 F.Supp. 829, 831 (D.Colo.1994).
 

 The grounds suggested in the Motion To Reconsider are that counsel were in a hurry to file a complaint and obtain emergency injunctive relief. Along with this pleading, counsel filed the Motion for Leave to Proceed in Pseudonym. They state, “the motion was filed without a Memorandum in Support of the Motion for Leave to Proceed in Pseudonym. In their haste to file the complaint in a timely manner so as not to increase the potential and significant adverse health risks to her, Plaintiffs attorneys neglected to ensure that a memorandum accompanied the motion.” One is forced to conclude that had counsel not felt such haste to file this case, a memorandum would have been filed in violation of the Local Rules of Practice. That, I think, fits well within the definition of
 
 chutzpa.
 

 The Memorandum In Support Of Motion To Reconsider is itself an archetype of confusion. It cites cases from various jurisdictions having nothing to do with the prosecution of a case by an unidentified plaintiff attempting to use a pseudonym and completely ignores both controlling Tenth Circuit decisions and published decisions of this court.
 
 E.g., Coe v. United States District Court,
 
 676 F.2d 411 (10th Cir.1982);
 
 Doe v. United States Dep’t. of Justice,
 
 93 F.R.D. 483 (D.Colo.1982);
 
 Lorenz v. United States Nuclear Regulatory Comm’n,
 
 516 F.Supp. 1151 (D.Colo.1981).
 

 As Judge Barrett, with characteristic succinctness, wrote in
 
 Coe,
 
 “The use of pseudonyms concealing plaintiffs’ real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint.” 676 F.2d at 411. Moreover, there is no express congressional grant of a right to proceed anonymously. There are a number of eases which recognize that identifying a party only by a pseudonym is an unusual procedure. None of them, however, points to any precise authority for the practice. It seems, like Topsy, nobody ever made it, it just “growed.”
 
 [1]
 

 Even if one assumes there is a legitimate basis for permitting a party in litigation to maintain anonymity, the few cases which discuss the propriety of the practice or recognize it implicitly require a balancing of competing interests. We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view.
 
 See Lorenz,
 
 516 F.Supp. at 1151. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.
 

 The issue of pseudonymity requires weighing the scales between the public’s interest and the rights to privacy advanced by the movant. Of course privacy interests are
 
 *802
 
 recognized in particular circumstances to be in the public interest. It is alleged in the complaint that the unnamed plaintiff is an indigent pregnant inmate of the Colorado Department of Corrections who wished to obtain an abortion and that the Department of Corrections refused to pay for the necessary medical services. Obviously, the case as posited presents issues of public policy: the expenditure of public funds on the one hand and the desire of an inmate to maintain anonymity in circumstances in which her name, condition and exact location are known to the defendant and must be known by the personnel in the department he heads as a matter of statutory mandate and public safety on the other. I find that whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it.
 

 After the complaint was filed and before a hearing could be held on plaintiff’s request for emergency injunctive relief, plaintiffs counsel advised the court that the request was withdrawn. On August 30, 1996 a minute order issued advising plaintiff’s counsel that this case is subject to dismissal pursuant to Fed.R.Civ.P. 17 unless ratified by September 19, 1996. In view of the filing of the motion for rehearing, that date is hereby extended to September 25,1996. Accordingly,
 

 IT IS ORDERED that the motion for rehearing is denied, and, IT IS FURTHER ORDERED that this complaint and civil action must be ratified in accordance with Fed. R.Civ.P. 17 or it will be dismissed without further notice.
 

 [1]
 

 . Harriet Beecher Stowe,
 
 Uncle Tom's Cabin
 
 (1852) ch. 20.