John J. DOE, Plaintiff,

v.

**The FEDERAL BUREAU OF INVESTIGATION,**
Defendant.

**Civ.A. No. 03–WY1542CBCBS.**

United States District Court,
D. Colorado.

Oct. 16, 2003.

R. Kenneth Sparks, Sparks, Willson, Borges, Brandt, & Johnson, PC, Colorado Springs, CO, for Plaintiff.

William G. Pharo, United States Attorney's Office, Denver, CO, for Defendant.

## ORDER GRANTING DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM AND TO PROCEED UNDER SEAL

BRIMMER, District Judge.

The matter is before the Court on Defendant's Objection to Plaintiff's Motion to Proceed by Pseudonym and to Proceed Under Seal. Upon reading the briefs, hearing oral argument, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### Statement of Parties and Jurisdiction

Plaintiff is a Colorado resident and a sitting judge in the Colorado state judicial system. Defendant Federal Bureau of Investigation ("FBI") is an agency in the United States Department of Justice. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

### Background

In 1994, the FBI began a criminal investigation regarding drug use and impropriety by public officials in a certain Colorado locale. The investigation centered around a state District Court judge and one other county official. In November of 1994, the FBI contacted Plaintiff and asked him to cooperate. Although reluctant to involve himself in a matter involving his co-workers, Plaintiff agreed to do so upon the FBI's agreement that Plaintiff's involvement would be held in strict confidence. The FBI designated Plaintiff as a Confidential Informant and gave him a unique code name.

The FBI investigation ensued for several years and was inconclusive. The criminal investigation file ("File") was closed in 1997, but it remained available for further reference and recording of additional developments. The FBI kept its records of the investigation in its established "system of records." In addition to recording the results of its own investigation and interviews, the FBI had also recorded several unsolicited telephone conversations regarding the general factual background of the investigation, allegedly without having verified the facts that it recorded in the investigative file.

In an unrelated matter, Plaintiff became involved in a professional dispute with a Colorado attorney. As a result, counsel for the Colorado Judicial Department, acting on behalf of Plaintiff and the District Court judge, filed a grievance with the Attorney Regulation Council ("ARC"). As part of its investigation, the ARC subpoenaed the FBI's File. On October 5, 2001, pursuant to a subpoena duces tecum, the FBI released the File without having obtained Plaintiff's consent, and with no condition of confidentiality. Prior to releasing the File, the FBI allegedly made no effort to determine the veracity of certain damaging (and, according to Plaintiff, untrue) statements regarding Plaintiff contained in the File. The FBI also failed to redact Plaintiff's name, and it did not require a court order before providing the File. Subsequently, the ARC released the File to third parties. Portions of the File were published to the world by a third party. It was attached to pleadings in court proceedings and furnished to individuals locally and statewide.

Plaintiff moved for a protective order mandating that the parties treat the File as confidential. Plaintiff contended that disclosure would in no way serve the public interest and would likely cause embarrassment or harassment because of the sensitive, untrue, and derogatory facts in the File. The disciplinary judge granted Plaintiff's motion. On appeal, the Colorado Supreme Court ruled that the documents subpoenaed from the FBI by the ARC were to be treated as confidential. All files involving this matter to date have been sealed.

Plaintiff brought this action against the FBI, alleging: (1) violations of the Freedom of Information Act ("FOIA"); (2) violations of the Privacy Act; (3) violations of FBI custom and practice regarding confidentiality; and (4) invasion of privacy. Plaintiff

claims that as a result of the FBI's willful and wanton disregard for his rights, he has suffered damage to his general and professional reputation, damage to his business, personal embarrassment, emotional and mental distress requiring doctor's care for elevated blood pressure and stress, and life and business disruption.

On August 12, 2003, Plaintiff filed a Motion to Proceed by Pseudonym and to Proceed Under Seal. On September 10, 2003, Defendant filed an Objection to Plaintiff's Motion. On September 12, 2003, before having received a copy of Defendant's Objection, this Court issued an Order granting Plaintiff's Motion. Upon receiving and reviewing Defendant's Objection, the Court deemed it advisable to hold a hearing on the matter and possibly reconsider its prior Order.

### Legal Standards

A. Proceeding Under Seal.

"Upon motion and a showing of compelling reasons, a judicial officer may order that:

1. all or a portion of papers and documents filed in a case shall be sealed; or

2. all or a portion of court proceedings shall be closed to the public."

D.C. Colo. L. Civ. R. 7.2(A).

■ The public has a common law right to access judicial records and documents in civil cases, but the right is not absolute. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. 1306.

B. Proceeding By Pseudonym.

■ Under Fed.R.Civ.P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." According to the Tenth Circuit, the "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in

the complaint." *Lindsey v. Dayton–Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir.1979). However, "the Supreme Court has given the practice implicit recognition in the abortion cases . . . with minimal discussion." *Id.* Most of the cases that have allowed the use of pseudonyms "have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Id.* Therefore, "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Id.*

■ Because the general rule is that lawsuits are to be public, a plaintiff should be allowed to proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir.1998) (quoting *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir.1992)). It is proper to weigh the public interest against the plaintiff's claimed right to privacy in deciding whether anonymity is appropriate. *See id.* This determination rests within the informed discretion of the trial court. *Id.* at 802–03.

### Analysis

■ The first thing to note is that, in keeping with the American ideals of government, court proceedings are presumptively open to the public. As Judge Kane has rightly stated:

We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*M.M. v. Zavaras,* 939 F.Supp. 799, 801 (D.Colo.1996) (internal citation omitted), *aff'd,* 139 F.3d 798 (10th Cir.1998). The in-

terest of the public in having access to court proceedings must be weighed against any claimed privacy interest of a litigant in sealing the proceedings and proceeding under a pseudonym. In this case, Plaintiff claims that his own privacy interest and the privacy interests of those involved in the pending grievance proceeding before the Colorado Supreme Court outweigh any public interest in having this proceeding open. Plaintiff argues that anonymity is necessary to avoid injury to himself and the parties to the grievance proceeding. According to Plaintiff, reference to the real parties in interest in this case would have an impact on the anonymity of the parties in the grievance proceeding. Furthermore, Plaintiff is concerned that opening the proceedings and requiring the use of the parties' real names would damage his professional and personal reputation.

█ Plaintiff's main concern in his own right regards damage to his personal and professional reputation, should these proceedings become public. Although a valid concern, it does not outweigh the public's interest in having the case open. If it did, then any defamation plaintiff could successfully move to seal a case and proceed by pseudonym, in order to avoid "spreading" or "republishing" the defamatory statement to the public. However, this is not the customary practice. It is only in rare instances that courts allow closed and anonymous proceedings, and these usually involve matter such as "abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Lindsey,* 592 F.2d at 1125. This case is not in the same category of "exceptional cases involving matters of a highly sensitive and personal nature." *Zavaras,* 139 F.3d at 803. To quote Judge Kane once again on this issue:

> [L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of the parties to a lawsuit should not be concealed except in the unusual case.

*Doe v. U.S. Dep't of Justice,* 93 F.R.D. 483, 484 (D.Colo.1982) (quoting *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974)).

A plaintiff claiming a privacy interest for the sake of his reputation does not create the "unusual case." Reputational interests alone are insufficient to outweigh the public's interest in an open court system that is subject to public scrutiny and criticism. And if the Court were to give greater weight to the reputational interests of a judge than those of an "ordinary" plaintiff, such a decision would create the appearance of favoritism within the judiciary.

By initiating an action for damages based on the FBI's disclosure of Plaintiff's confidential File, Plaintiff has chosen to bring a private matter into the public eye. In *Doe,* a case similar to this one, the Court refused to allow the plaintiff to proceed by pseudonym. *See* 93 F.R.D. 483. The Court would not even allow the case sealed provided that the plaintiff's true name be disclosed to the government's lawyers. *See id.* In that case, like this one, the plaintiff was a judge in the judicial system of the State of Colorado, and he was suing under FOIA. *See id.*

The difference between *Doe* and this case seems to be that in this case, there is a confidential proceeding pending before the Colorado Supreme Court. With respect to the privacy interests that Plaintiff argues on behalf of others involved in that grievance proceeding, Plaintiff surely knew that he was placing those interests at risk by filing this lawsuit for damages, should the Court decide not to proceed under seal and not to allow plaintiff to proceed by pseudonym. Plaintiff is now apparently contending that, even if the Court does not find his own privacy interests compelling, the Court should grant his motion out of concern for the privacy of the other parties in the grievance proceeding. This argument seems akin to holding hostage the privacy interests of the others for the sake of Plaintiff's ability to pursue his personal damages claim confidentially. The Court cannot buy what Plaintiff is selling. The other parties in the grievance proceeding are not parties to this case, and the Court will not allow Plaintiff to piggyback on their privacy interests, when it was Plaintiff who chose to bring this action for money damages.

Furthermore, this is not a case where "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803. The injury of which Plaintiff complains, taking his allegations as true, has already occurred. Plaintiff is not suing in this Court in order to prevent the disclosure of his private File; rather, he is suing for compensation for disclosure that has already happened. The evidence shows that, in large part, "the cat is already out of the bag." In fact, newspaper reports furnished to the Court since the argument indicate that this cat has been out of the bag for quite a while. Therefore, the Court will not perform a futile act by sealing the case and allowing Plaintiff to proceed by pseudonym.

The Court finds that Plaintiff has presented no compelling reasons that would justify sealing the case from the public, or that would outweigh the public interest in open court proceedings including the real names of the parties in interest. Therefore, this case shall not be sealed, and the complaint must comply with Fed.R.Civ.P. 10(a) by including the names of all the parties.

### Conclusion

For the aforementioned reasons, Defendant's Objection to Plaintiff's Motion to Proceed by Pseudonym and to Proceed Under Seal is **GRANTED**. The Court's prior Order Allowing Plaintiff to Proceed by Pseudonym and Further Order Requiring that the Case Proceed Under Seal is **REVERSED**, and Plaintiff's Motion to Proceed by Pseudonym and to Proceed Under Seal is **DENIED**. Because a proper complaint in compliance with Fed.R.Civ.P. 10(a) was never filed, it is **ORDERED** that this case is deemed closed. Plaintiff may reopen the case by filing an amended complaint that fully complies with Fed.R.Civ.P. 10(a) within ten business days of the date of this order. Pursuant to Fed. R.Civ.P. 15(c)(2), the date of the amended complaint shall relate back to the date of the filing of the original, defective complaint for

purposes of any applicable limitations periods.[1] The Court hereby **DIRECTS** the entry of judgment that the case as filed is a nullity. This Order is intended to be a final, appealable decision in the event that Plaintiff does not reopen the case by filing an amended complaint within the time permitted by the Court.

---

1. For example, the statute of limitations for bringing an action under the Privacy Act is two years from the date on which the cause of action arose. 5 U.S.C. § 552a(g)(5). Plaintiff's complaint alleges that the cause of action arose on October 5, 2001. (*See* Compl., p. 3, ¶ 8). Therefore, if the amended complaint were not allowed to relate back to the date of the filing of the original complaint, Plaintiff's action would be barred by the limitations period.