**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AARON RAISER,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 02-4109
D.C. No. 01-CV-916-K
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Aaron Raiser appeals the district court's dismissal of his complaint for lack of jurisdiction.  The district court concluded Raiser lacked standing.  We exercise

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Raiser, a Utah resident without any apparent connection to the criminal justice system, filed this suit seeking nominal damages of $1 and to have the district court retroactively require state and federal governments to administer the death penalty only in a manner consistent with his proposed standards. As a taxpayer, Raiser contends the failure of the United States to follow his standards will deprive him of the right to assemble with prisoners who eventually may be released due to their actual innocence.

We review the district court's judgment that it lacked subject matter jurisdiction de novo. See U.S. West Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999). Before we can consider the merits of his complaint, Raiser must establish that this court has subject matter jurisdiction under Article III of the United States Constitution. See Schaffer v. Clinton, 240 F.3d 878, 883 (10th Cir. 2001). Article III provides a limited grant of authority for federal courts to hear "cases" and "controversies." See Allen v. Wright, 468 U.S. 737, 750 (1984). One of the most important doctrines within this requirement is that the litigant have "standing," a doctrine that focuses upon whether a particular litigant is entitled to have a federal court decide the merits of the particular dispute. See id. at 750-51.

We agree with the district court that Raiser lacks standing. Raiser's status as a taxpayer who has religious objections to the death penalty does not confer standing. See Colorado Taxpayers Union, Inc. v. Romer, 963 F.2d 1394, 1399 (10th Cir. 1992) (stating

Flast v. Cohen, 392 U.S. 83 (1968), and its narrow exception to the general prohibition of taxpayer standing "applies only to cases in which a federal taxpayer challenges a congressional appropriation made pursuant to Article I, Section 8 that allegedly violates the Establishment Clause of the First Amendment"). Similarly, his assertion that the execution of death row inmates would deprive him of the right to associate with them if they ultimately are found to be innocent and released is entirely too speculative to form a live controversy. See Whitmore v. Arkansas, 495 U.S. 149, 159-61 (1990) (finding the potential of habeas relief too attenuated to confer standing). Raiser is one citizen, of perhaps many, who opposes the death penalty for various philosophical and/or religious reasons. This type of generalized grievance, without any imminent tangible harm, cannot confer standing. See Chrisman v. Comm'r, 82 F.3d 371, 373 (10th Cir. 1996). Finally, Raiser has not satisfied the standards required for third-party standing. See Terrell v. INS, 157 F.3d 806, 809 (10th Cir. 1998) (noting third-party standing requires injury in fact, close relation to the third party, and a showing the third party is unable to pursue his or her own claims).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge