F I L E D
United States Court of Appeals
Tenth Circuit

DEC 23 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AARON RAISER,

      Plaintiff-Appellant,

v.

Honorable TOM DASCHLE; Honorable
TRENT LOTT; UNITED STATES
SENATE,

      Defendants-Appellees.

No. 02-4142

(D.C. No. 2:01-CV-894)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiff Aaron Raiser appeals the district court's dismissal of his complaint for

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

lack of standing.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Raiser, a Utah resident, filed this action seeking an order that the "United States Senate change its rules such that presidential judicial nominations not be denied full Senate consideration based on the decision of the Senate Judiciary Committee." Amended Complaint at 6.  The district court granted defendants' motion to dismiss, finding that Raiser lacked standing "due to lack of injury."  Order at 2.

We review de novo the district court's order of dismissal with prejudice for lack of standing.  See United States v. Colorado Supreme Court, 87 F.3d 1161, 1164 (10th Cir. 1996).

> [T]he irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized . . ., and (b) actual or imminent, not "conjectural" or "hypothetical."  Second, there must be a causal connection between the injury and the conduct complained of . . . .  Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations omitted). See Colorado Taxpayers Union, Inc. v. Romer, 963 F.2d 1394, 1396 (10th Cir. 1992). "By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."  Lujan, 504 U.S. at 560 n.1.  The party invoking federal jurisdiction bears the burden of establishing these elements.  Id. at 561.

Raiser has failed to meet his burden.  The pendency of other litigation initiated by Raiser is insufficient to give him standing to challenge the Senate's referral of judicial

2

nominations to the Judiciary Committee.  Further, his claims of alleged delay because of vacancies in the courts do not establish an injury.

Raiser also asks that the district court's dismissal of his case with prejudice be vacated and that the case be dismissed without prejudice so that he can refile in another district.  Where as here a plaintiff cannot cure jurisdictional defects in his complaint, it is proper for the district court to dismiss with prejudice.  Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001).  Even if the dismissal were without prejudice, res judicata would bar Raiser from relitigating this case in another court.  "Principles of res judicata apply to jurisdiction as well as to other issues."  Stewart Sec. Corp. v. Guaranty Trust Co., 597 F.2d 240, 242 (10th Cir. 1979).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge