**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AARON RAISER,

    Plaintiff-Appellant,

  v.

BRIGHAM YOUNG UNIVERSITY,

    Defendant-Appellee,

  and

THE CITY OF PROVO,

    Defendant.

No. 04-4025
(D.C. No. 2:02-CV-975-TC)
(D. Utah)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Aaron Raiser, appearing *pro se*, appeals the district court's interlocutory order denying his motion to proceed under a pseudonym in his civil rights complaint against defendant Brigham Young University ("BYU"). We entered a show-cause order directing the parties to address the appealability of the district court's order, because only final orders are appealable as of right, and, in general, an order is not final unless it disposes of all remaining claims. *See Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1263 (10th Cir.), *cert. denied*, 540 U.S. 820 (2003). We conclude that this court does have jurisdiction to review the district court's order denying plaintiff anonymity pursuant to the collateral order doctrine.

To be appealable under the collateral order doctrine, a district court decision "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). We are satisfied that the district court's denial of plaintiff's motion to proceed under a pseudonym meets all three of these requirements. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

1066 (9th Cir. 2000) (holding that order dismissing action for failure to include plaintiffs' names but giving leave to amend complaint is immediately appealable under collateral order doctrine); *James v. Jacobson*, 6 F.3d 233, 237-38 (4th Cir. 1993) (order prohibiting plaintiffs from testifying anonymously at trial is immediately appealable under collateral order doctrine); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (order requiring plaintiffs' identities be disclosed is appealable under the collateral order doctrine). The district court conclusively denied the motion both initially and on reconsideration; the question of whether plaintiff may proceed under a fictitious name is separate from the civil rights claims he is asserting in his complaint; and the order is essentially unreviewable on appeal because any right to proceed anonymously will be lost if not permitted before trial. *See Does I Thru XXIII*, 214 F.3d at 1066.

Plaintiff filed a civil rights complaint against BYU and another defendant, since dismissed, in September 2002. He alleges that BYU police and security officers have at various times stopped and questioned him, and that BYU has invaded his privacy and defamed him by making unflattering statements about him. He sought to seal the action, claiming that the defendants might believe that he had been declared incompetent and committed to a mental institution, and that release of this non-public information might damage his reputation with his

employer, roommates, or fellow church members, even if the information was untrue. The district court denied this motion. He then filed a motion to use a pseudonym, which was denied initially and on reconsideration.

We review the district court's denial of his motion to proceed under a pseudonym for abuse of discretion. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). The rules of civil procedure mandate that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). There are no rules or statutes which allow parties to proceed under a fictitious name. *Id.* This court has, however, recognized that there may be "exceptional circumstances" in which a party may be allowed to proceed anonymously. *Id.*

A plaintiff seeking to proceed under a pseudonym must typically show that disclosure of his identity in the public record would reveal highly sensitive and personal information that would result in a social stigma or the threat of real and imminent physical harm:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.

*Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity. *Id*., citing *Doe v. Frank*, 951 F.2d at 324 (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism). Further, because the public has an important interest in access to legal proceedings, we have held that its interest should be considered in determining whether some form of anonymity is warranted. *Id*. A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness. *See Zavaras*, 139 F.3d at 803.

Here, plaintiff's motion stated only that harmful and prejudicial information might be made public and might harm his reputation. He gave no further basis for his request, other than a passing reference to his earlier motion to seal the case, which suggested a possible history of mental illness or psychiatric care. He did not present any particularized evidence, however, relating to any mental or psychiatric history, nor any particularized reasons why proceeding publicly would cause him real psychological or physical injury. He alleges nothing more than potential embarrassment based on vague and speculative suggestions of mental illness. Plaintiff has not alleged any threat of physical danger and the disclosure of his identity is not the injury he seeks to avoid by his lawsuit.

In short, plaintiff has not demonstrated that this is a sufficiently "exceptional" case or that the need for anonymity in this case and at this stage of the proceedings outweighs the public's interest in knowing his identity.    *See id.* Thus, we find no abuse of the district court's discretion.

The order of the district court is AFFIRMED. Plaintiff's motion for sanctions is DENIED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge