**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AARON RAISER, also known as T.G.,

Plaintiff-Appellant,

v.

CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS; BRIGHAM
YOUNG UNIVERSITY,

Defendants-Appellees.

No. 05-4120
(D.C. No. 2:04-CV-896-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Aaron Raiser, a plaintiff appearing pro se, brings this interlocutory appeal

challenging district court orders (1) denying his motion to proceed under a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pseudonym and (2) limiting pretrial discovery. We exercise our jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** in part and **DISMISS** in part.

In 2002, Raiser filed a lawsuit against Brigham Young University ("BYU") and the City of Provo, Utah, alleging that during his interactions with BYU security and the Provo Police Department his civil rights were violated. ("Raiser I"). In its Motion to Dismiss, BYU made reference to Raiser's psychiatric history. Raiser moved to seal the record and moved to proceed under a pseudonym. Both of those motions were denied. Raiser appealed only the district court's denial of his motion to proceed using a pseudonym, and we affirmed, holding that Raiser had not demonstrated exceptional circumstances justifying his use of a pseudonym. Raiser v. Brigham Young Univ., 127 F.App'x 409, 411 (10th Cir. 2005) (unpublished).[1]

In 2004, Raiser, now acting under the pseudonym T.G., filed a civil complaint against both BYU and The Church of Jesus Christ of Latter-Day Saints (the "Church") alleging claims based on BYU's reference to his mental history in its motion during the 2002 litigation. ("Raiser II"). Contemporaneously, he filed

---

[1] As noted in Raiser I, this court has jurisdiction over an interlocutory order denying a motion to proceed under a pseudonym under the collateral order doctrine. *Raiser*, 127 F.App'x at 410 (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1066 (9th Cir. 2000); James v. Jacobson, 6 F.3d 233, 237-38 (4th Cir. 1993); S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979)).

a motion for permission to proceed in this case under a pseudonym. The district court denied the motion, and two motions for reconsideration. Raiser appeals.

We review a district court's denial of a motion to proceed under a pseudonym for abuse of discretion. M.M. v. Zavaras, 139 F.3d 798, 802 (10th Cir. 1998). As we have noted previously, there is a substantial benefit to maintaining open court proceedings, and thus the public has an interest in knowing the identity of litigants. Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000). Accordingly, the Federal Rules of Civil Procedure mandate that the real names of all real parties in interest must be used in complaints. See Fed. R. Civ. P. 10(a) and 17(a).

Nonetheless, even though there is no explicit congressional grant of a right of a party to proceed anonymously, we have recognized that there is also a public benefit in allowing some litigants to proceed anonymously. Femedeer, 227 F.3d at 1246. Our case law has thus recognized that in certain "exceptional circumstances" the need for anonymity outweighs the presumption in favor of open court proceedings. Id. Exceptional circumstances exist if the case involves matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the Raiser's identity." Id. (quotation omitted).

In cases where the sensitive information has already been disclosed during a party's prior litigation under its real name, the social interest in allowing a party

to proceed anonymously is limited.  See M.M. v. W. Zavaras, 139 F.3d 798, 802 (10th Cir. 1998).  Placing this matter in context, the issue brought to us for our consideration has been previously considered and ruled upon in Raiser I.  In the earlier case, substantially similar assertions regarding the use of a pseudonym had been raised to a panel of this court, and denied.  The consequence of that denial is that Raiser's name remained in the public domain in connection with the litigation.  To paraphrase the present situation, Raiser's request is equivalent to asking us to put jack back in the box, that is, to collaterally review a previous decision of this court.  That we cannot do.  Raiser has not demonstrated sufficient "exceptional circumstances" justifying his use of a pseudonym in this proceeding.[2]

Raiser also argues that the district court abused its discretion by denying his motion to proceed using a pseudonym because (1) the defendants' responses to his motion were untimely, and (2) he was not afforded any opportunity to file a reply under local rule DUCivR 7-1(b)(3) to those responses before his motion was denied.  Although Raiser is correct that he could file a reply, he could do so only if the reply memorandum is "limited to rebuttal of matters raised in the memorandum opposing the motion."  A reply may not properly be used to raise

---

[2]  Raiser argues that this case is distinguishable from his prior proceedings because if we denied his motion to proceed under a pseudonym he would incur the very injury against which he is litigating.  We reject this argument. Preventing disclosure of his identity is not the basis of Raiser's lawsuit.  Instead, he seeks monetary compensation for a disclosure that has already occurred.

-4-

new arguments in support of a party's position. Having failed to demonstrate in his initial brief that his case is sufficiently "exceptional," disposition of this issue is not relevant on appeal.

Raiser's second issue on appeal, that the district court erred in entering a pre-trial discovery order limiting both the scope of Raiser's written discovery requests and the number and manner of his witness depositions, is dismissed. Pretrial discovery orders are generally non-final, interlocutory orders that may not be appealed until a final order is entered in the proceeding. See FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985) (citing 28 U.S.C. § 1292). Because exception to that rule is not present, this court lacks jurisdiction to address the issue.

Raiser's motion to proceed in forma pauperis is **GRANTED**. The district court's April 22, 2005 order denying Raiser's motion to proceed under a pseudonym is **AFFIRMED**. Raiser's appeal of the district court's April 26, 2005 order is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge