**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

AARON RAISER,

Appellant.

No. 06-4116
(D.C. No. 2:06-mc-382-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

The Chief Judge of the United States District Court for the District of Utah

placed appellant Aaron Raiser on that court's restricted filer list. We reverse and

remand.

## I. Factual and procedural background

Mr. Raiser, a self-described homeless person and law student in California,

has been a frequent pro se litigant in the United States District Court, District of

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Utah.[1]  In *Raiser v. Church of Jesus Christ of Latter-Day Saints,* No. 2:04cv00896

(D. Utah Nov. 3, 2005), aff'd 211 F. App'x 804, 811 (10th Cir. 2007), defendants

Church of Jesus Christ of Latter-day Saints and Brigham Young University filed

motions for summary judgment and for imposition of filing restrictions.  The

district court entered the summary judgment motion, but determined that the

filing-restriction request was outside the scope of its authority.  It therefore

referred the matter to the Chief Judge with a recommendation that Mr. Raiser be

---

[1]      *See, e.g., Raiser v. Church of Jesus Christ of Latter-Day Saints,*
211 F. App'x 804, 811 (10th Cir. 2007) (affirming district court's entry of
summary judgment to Brigham Young University and the Church of Jesus Christ
of Latter-Day Saints on civil-rights and breach-of-privacy claims); *Raiser v.
Church of Jesus Christ of Latter-Day Saints,* 182 F. App'x 810, 812 (10th Cir.
2006) *cert. denied*, 127 S. Ct. 1381 (2007) (affirming district court's denial of
Mr. Raiser's motion to proceed under a pseudonym and dismissing appeal of
pre trial discovery order); *Raiser v. Utah County,* 409 F.3d 1243, 1245 (10th Cir.
2005) (reversing district court's grant of summary judgment to Utah County on
ground that Mr. Raiser should be permitted to amend his response to request for
admissions); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410 (10th Cir.
2005) (affirming district court's denial of motion to proceed under a pseudonym);
*Raiser v. Daschle,* 54 F. App'x 305, 307 (10th Cir. 2002), *cert. denied*, 539 U.S.
903 (2003) (affirming district court's dismissal of Mr. Raiser's action seeking
order requiring U.S. Senate to change its rules relating to judicial nominations);
*Raiser v. United States*, 325 F.3d 1182, 1184 (10th Cir. 2002) (affirming district
court's dismissal of Mr. Raiser's action seeking retroactive requirement that state
and federal governments administer death penalty only in manner consistent with
his proposed standards).  Today, we also issue an order and judgment affirming
the district court's dismissal of Mr. Raiser's case against Brigham Young
University, lawyers representing the university in federal and state court
proceedings filed by Mr. Raiser, a state district court judge, and the Governor of
Utah.  *See Raiser v. Kono,* No. 06-4243 (10th Cir. July 5, 2007).

placed on the court's restricted filer list.  Previously, a magistrate judge had also recommended the imposition of filing restrictions.

To deal with the filing-restriction issue, the Chief Judge opened the separate case of *In re Raiser* and entered an order to show cause on March 2, 2006, requiring Mr. Raiser to demonstrate why he should not be placed on restricted filing status.[2]  Mr. Raiser timely submitted a voluminous response to the show-cause order and also filed a motion asking the Chief Judge to recuse himself from consideration of the matter.

The response to the show-cause order, however, was misplaced in the filing process.  The Chief Judge issued an order on April 14, 2006, reflecting the belief that Mr. Raiser had not filed a response and placing Mr. Raiser on the restricted filers' list.  In substance, the order stated that Mr. Raiser's future complaints are to be reviewed by a magistrate judge and, if the magistrate judge determines that a complaint is nonmeritorious, duplicative, or frivolous, it is to be forwarded to the Chief Judge for further review and a decision on whether the complaint may be filed.  Mr. Raiser filed a notice of appeal of the restriction order.

---

[2]    The show-cause order states that Mr. Raiser had filed ten actions in district court from May 2000 through February 2006.  Mr. Raiser asserts that defendants had removed three of these cases from state court and that ultimately two cases were remanded back to state court.  If necessary, the district court may resolve this factual discrepancy on remand.

Mr. Raiser, however, continued to telephone the district court and submit additional motions. The Chief Judge denied the motion to recuse on May 24, 2006. Two months later, on July 31, the district court entered an amended restriction order. This order conceded that "Mr. Raiser had, in fact, filed a response, which was initially misplaced," but stated that "[h]aving since located and perused Mr. Raiser's response, the Court finds no cause to revise its earlier conclusions." R., Doc. 13. Mr. Raiser then filed an amended notice of appeal, seeking review of the denial of his motion to recuse and the amended restriction order. Defendants in *Raiser v. Church of Jesus Christ of Latter-Day Saints,* No. 2:04cv00896, have filed a motion to intervene as interested parties in this appeal.

## II. Discussion

"[I]njunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) *Id.* At the time of the initial order, by the Chief Judge's admission, Mr. Raiser's reply had been misplaced and thus was not considered. This lack of notice and opportunity to respond was not cured by the subsequent order, which was entered after Mr. Raiser filed his notice of appeal and after the district court was divested

-4-

of jurisdiction. *See Griggs v. Provident Consumer Discount Co,* 459 U.S. 56, 58 (1982). We reverse the district court's restriction order and remand for further proceedings. As for Mr. Raiser's attempted appeal of the district court's denial of the motion to recuse, we dismiss for lack of jurisdiction.

Mr. Raiser's motion for oral argument is denied and his other motions are denied as moot. The request of BYU and the Church to intervene in this matter is denied; however, their motion is construed as requesting leave to appear as amici curiae and granted.

Entered for the Court


John C. Porfilio
Circuit Judge