**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AARON RAISER,

      Plaintiff-Appellant,

v.

DAVID M. KONO; DANIEL L.
STEELE; FRED HOWARD, official
capacity; BENNETT TUELLER
JOHNSON & DEERE; BRIGHAM
YOUNG UNIVERSITY; JON
HUNTSMAN, official capacity,

      Defendants-Appellees.

No. 06-4243
(D.C. No. 2:06-CV-256-TC)
(D. Utah)

---

**ORDER AND JUDGMENT** [*]

---

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Plaintiff-appellant Aaron Raiser appeals the district court's *sua sponte* dismissal of his First Amended Complaint, which attempted to set forth civil rights and RICO claims, and its denial of his motion for recusal of a magistrate

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge.  Because we conclude that it is patently obvious that Mr. Raiser could not prevail on the facts and theories alleged, we affirm.

## I.

This case has its origin in a Utah state-court case filed by Mr. Raiser against  Brigham Young University (BYU), which was represented by David M. Kono and Daniel L. Steele, of the law firm of Bennett Tueller Johnson & Deere. In that case, defendant Judge Fred Howard issued a civil bench warrant on July 19, 2005, when Mr. Raiser failed to appear for a supplemental hearing noticed by defendants  "to identify property and to apply the property toward the satisfaction" of an attorney-fee award entered as a sanction.  *See* Utah R. Civ. P. 64(c)(2).[1]  The bench warrant was stricken on August 19, 2005.

Mr. Raiser then filed this case in federal district court, alleging that BYU, its lawyers, and the law firm conspired with Judge Howard to violate his constitutional rights to interstate travel, access to federal and state courts in Utah, due process, and equal protection of the laws.  He claimed that the attorneys were aware that he was homeless and could not afford to appear for the Rule 64(c)(2) hearing, but they did not inform Judge Howard of this fact.  And even after Mr. Raiser advised the court of his financial situation, Judge Howard did not

---

[1]     Mr. Raiser asserts error in defendants' state-court citation to repealed Utah R. Civ. P. 69, which addressed proceedings supplemental to the execution of a judgment until November 1, 2004.  The erroneous citation did not affect Mr. Raiser's rights in any way and does not constitute grounds for reversal.

retract the warrant. According to Mr. Raiser's Amended Complaint, BYU, the attorneys, the law firm, and Judge Howard violated the civil-rights provisions of 42 U.S.C. §§ 1983 and 1985 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Also, he alleged that BYU, the attorneys, and the law firm committed common-law extortion and fraud on the court. Finally, Mr. Raiser claimed that defendant Governor Jon Huntsman and Judge Howard should be held liable under § 1983 for religious bias in the selection process for filling vacancies in the Utah judiciary.

The district court *sua sponte* dismissed Mr. Raiser's claims for failure to state a claim on which relief can be granted.[2] It also denied his motion under

---

[2] Several actions on the part of Mr. Raiser and the district court preceded the dismissal. First, the Chief Judge of the United States District Court for the District of Utah placed appellant Aaron Raiser on that court's restricted filer list. Pursuant to the restriction order, a magistrate judge determined that Mr. Raiser's initial complaint was deficient and recommended that the court dismiss the action. Mr. Raiser filed an untimely objection to the magistrate judge's report. The district court conducted a de novo review of the amended complaint and dismissed the case, mentioning the restriction order and citing 28 U.S.C. § 1915(e)(2)(B) (providing for dismissal of deficient complaint filed by a pro se litigant proceeding in forma pauperis) and *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (discussing the court's inherent power to enter a *sua sponte* dismissal of a patently deficient complaint). Today, this court reverses and remands the Chief Judge's order for a procedural irregularity. *See In re Raiser*, No. 06-4116 (10th Cir. July 5, 2007). And, because Mr. Raiser was not proceeding in forma pauperis in the district court, 28 U.S.C. § 1915(e)(2)(B) is inapplicable. Accordingly, this court reviews the district court's dismissal under the theory discussed in *McKinney. See Mann v. Boatwright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (stating that we may affirm the judgment below "on any grounds for which there is a record sufficient to permit

(continued...)

28 U.S.C. § 455 for recusal of the magistrate judge. On appeal, Mr. Raiser argues that his complaint was sufficient in all respects and takes issue with the denial of recusal.

II.

Dismissals under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint. But in this circuit, "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). A *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged"; and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (quotation omitted); *see also Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007).

When ruling on dismissal, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). A complaint "does not need detailed factual allegations," but "a

---

[2](...continued) conclusions of law, even grounds not relied upon by the district court) (quotation omitted).

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quotation, alteration, and citation omitted).

This court reviews de novo a district court's dismissal for failure to state a claim upon which relief can be granted. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Based on our de novo review, we conclude that it was appropriate to dismiss Mr. Raiser's all claims against all defendants.

**Claims against Judge Howard**

To the extent that Mr. Raiser seeks monetary damages from Judge Howard for actions taken in his judicial capacity, the claims were properly dismissed under the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). And "[f]ederal courts have no authority to issue a writ of mandamus to a state judge." *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992). Accordingly, Mr. Raiser's request for a writ of mandamus requiring Judge Howard to rescind the bench warrant and fee award was not actionable. His request for a declaratory judgment against Judge Howard concerning the constitutionality of Utah's debt-collection procedures likewise is unavailing. "The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d

1544, 1553 (10th Cir. 1995) (quotation omitted). The district court did not err in dismissing the claims against Judge Howard.

**Claims against Governor Huntsman**

Mr. Raiser asserts that Governor Huntsman has violated his constitutional rights by exercising the power to appoint members of state judicial-selection committees in a way that results in a state judiciary composed disproportionately of judges belonging to the Church of Jesus Christ of Latter-day Saints (Church). He seeks a writ of mandamus requiring the Governor to instruct members of the committees to disregard candidates' religious affiliation, while at the same time making progress toward decreasing the number of Church members. He alleges that, in lawsuits he files against Church-related entities, Church-member judges will be biased against him.[3]

Any potential future harm that may befall Mr. Raiser from the Utah judicial-selection procedures is too speculative to fulfill the requirement of Article III of the United States Constitution that a case present a "case or controversy" between the individually named plaintiff and defendant. The Supreme Court has recognized that claims predicated upon such speculative

---

[3]    It is appropriate to repeat our previous comment that "merely because [a judge] belongs to and contributes to the Mormon Church would never be enough to disqualify him." *In re McCarthey*, 368 F.3d 1266, 1270 (10th Cir. 2004); *see also Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984) (affirming denial of disqualification of judge, who was a Mormon, in case which plaintiff claims was "a challenge to the theocratic power structure of Utah").

contingencies afford no basis for finding the existence of a continuing controversy. *See Rizzo v. Goode*, 423 U.S. 362, 371-73 (1976). The federal courts lack jurisdiction to consider Mr. Raiser's claim and therefore dismissal was appropriate.

**Claims against BYU and its attorneys**

**42 U.S.C. § 1983**

As a basis for his § 1983 civil-rights claim, Mr. Raiser argues that BYU and its attorneys were acting under the color of state law because they engaged in concerted action with Judge Howard. It has been held that "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state . . . judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). This "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as [is] the state court judge[] here." *Id.*

Mr. Raiser's amended complaint contains extensive allegations, but he does not present any facts establishing an agreement or meeting of the minds between

-7-

BYU, its attorneys, and the state actors to deprive him of any federal rights. Thus, he failed to state a § 1983 claim. *See id.*; *cf. Bell Atl. Corp.,* 127 S. Ct. at 1965, 1974 (holding that a complaint under § 1 of the Sherman Act is subject to dismissal for failure to state a claim if it does not provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement" and stating, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). The district court did not err in dismissing the § 1983 claims against BYU and its attorneys.

### 42 U.S.C. § 1985 and RICO

Mr. Raiser also alleges that BYU and its attorneys violated 42 U.S.C. § 1985 and RICO. Specifically, he argues that the bench warrant was traceable to their conspiracy to prevent him from tending to his lawsuits in Utah federal and state courts.

A deterrence claim under § 1985 arises when:

> [T]wo or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or ... conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws. . . .

§ 1985(2). But "legal claims possessing a reasonable basis in law and fact simply do not constitute the 'force or intimidation' necessary to satisfy § 1985(2)." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1124 (10th Cir. 2007). The issuance of the bench warrant was a natural consequence of Mr. Raiser's failure to appear for the enforcement hearing. Defendants' actions in obtaining an award of attorneys' fees, setting an enforcement hearing, failing to inform the court of Mr. Raiser's financial status, seeking a bench warrant, and making a settlement offer cannot support a § 1985 claim.

Mr. Lawrence alleged that BYU and its attorneys violated 18 U.S.C. § 1503 (obstructing justice by trying to influence a juror or officer of the court) as part of his RICO claim. For the same reasons discussed above, Mr. Raiser's allegations do not describe conduct constituting the obstruction of justice. The RICO claim is meritless and was subject to dismissal.

### Common law extortion and fraud upon the court

Mr. Raiser alleges that the same acts of these defendants also make them liable under common-law extortion and fraud-on-the-court theories. Generally, common-law extortion by a private person "is limited to obtaining property by threatening to inflict harm." *Rael v. Sullivan*, 918 F.2d 874, 876 n.1 (10th Cir. 1990) (quotation omitted). And this court has explained that

> "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less

egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."

*United States v. Buck,* 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)) (further quotation omitted).

Taken as a whole, the allegations in the amended complaint fall far short of asserting cognizable extortion or fraud-on-the-court claims.  These claims, too, were properly dismissed.

### III.

Finally, Mr. Raiser argues that the district court wrongfully denied his motion to recuse the magistrate judge because the applicable statutory provision states that "a judicial official "shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a) (emphasis supplied).  Mr. Raiser asserts that the provision's wording requires the magistrate judge, not the district court, to rule on his motion.  Having reviewed the district court's decision for an abuse of discretion, *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006), we see no error in either the district court's procedure or its determination.

IV.

The judgment of the district court is AFFIRMED. The Motion for Leave to
File Appellees' Brief received from BYU, its attorneys, and their law firm is
GRANTED. Mr. Raiser's renewed Motion to Strike Entry of Appearance and
Motion to Present Oral Argument are DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge