**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

AARON RAISER,

        Appellant.

No. 08-4026
(D.C. No. 2:06-MC-00382-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Appellant Aaron Raiser appeals the order entered by the Chief Judge of the United States District Court, District of Utah, designating him as a restricted filer in that district.[1] We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Mr. Raiser has an extensive record of litigation in the Utah federal court, the Tenth Circuit, and the United States Supreme Court. *See, e.g.*, *In re Raiser*, 128 S. Ct. 1474 (2008) (denying petition for writ of mandamus); *Raiser v. Kono*, 245 F. App'x 732, 738 (10th Cir. 2007) *cert. denied* 128 S. Ct. 1707 (2008) (affirming dismissal of case against Brigham Young University, lawyers representing the university, a state district-court judge, and the Governor of Utah); *Raiser v. Brigham Young Univ.*, No. 20060448-CA, 2007 WL 858710 (Utah Ct. App.), *cert. denied* 128 S. Ct. 733 (2007) (affirming Utah state-court

(continued...)

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir. 2007).  For a restriction on further filing to be appropriate, the court must (1) provide the litigant with notice and opportunity to be heard; (2) set forth "the litigant's lengthy and abusive history" and (3) provide "guidelines as to what the litigant may do to obtain . . . permission to file an action."  *Id.*

---

[1](...continued)
imposition of attorney's fees and denial of motion to amend); *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 211 F. App'x 804, 811 (10th Cir.) *cert. denied* 128 S. Ct. 378 (2007) (affirming entry of summary judgment to Brigham Young University and the Church of Jesus Christ of Latter-Day Saints on civil-rights and breach-of-privacy claims); *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 F. App'x 810, 812 (10th Cir. 2006) *cert. denied*, 127 S. Ct. 1381 (2007) (affirming denial of motion to proceed under a pseudonym and dismissing appeal of pre-trial discovery order); *Raiser v. Utah County,* 409 F.3d 1243, 1245 (10th Cir. 2005) (reversing grant of summary judgment); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410 (10th Cir. 2005) (affirming denial of motion to proceed under a pseudonym); *Raiser v. Daschle,* 54 F. App'x 305, 307 (10th Cir. 2002), *cert. denied*, 539 U.S. 903 (2003) (affirming dismissal of action seeking an order requiring U.S. Senate to change its rules relating to judicial nominations); *Raiser v. United States*, 325 F.3d 1182, 1184 (10th Cir. 2002) (affirming dismissal of action seeking administration of death penalty in manner consistent with Mr. Raiser's proposed standards).

The district court advised Mr. Raiser of its proposed action in an Order to Show Cause, issued August 2, 2007.[2] Noting that Mr. Raiser had filed numerous actions in the district court and submitted many duplicative motions, the order required Mr. Raiser to show cause why the court should not enter an order placing specific restriction on his filings.

Mr. Raiser submitted a 175-page response to the show-cause order, with attached exhibits. In addition, he filed nine motions (some of which incorporated multiple motions) relating to the proposed action, including motions for a jury trial, recusal of the Chief Judge, the opportunity to investigate the former Chief Judge's conduct, and disclosure of court-staff communications.

The Chief Judge then entered a written order imposing filing restrictions. The order carefully dealt with each of the motions and conducted a thorough review of Mr. Raiser's litigation history, addressing the multiplicity, frequency, and frivolous content of his filings. Convinced that restrictions were appropriate, the Chief Judge designated Mr. Raiser as a restricted filer and explained the procedure for his future filings. Under the designation, Mr. Raiser's future pro se complaints in civil matters will be reviewed by a magistrate judge and, if the

---

[2] An earlier restriction order was entered by a former Chief Judge of the District of Utah. On appeal this court reversed and remanded on procedural grounds. *In re Raiser*, 243 F. App'x 376, 379 (10th Cir. 2007). On remand the matter was assigned to the present Chief Judge, who issued the Order to Show Cause.

magistrate judge determines that a proposed complaint is nonmeritorious, duplicative or frivolous, it will be forwarded to the Chief Judge for further review and a determination of whether the complaint may be filed. In addition, Mr. Raiser must certify his pro se pleadings as provided by Rule 11 of the Federal Rules of Civil Procedure.

On appeal Mr. Raiser attacks the restrictions by raising 39 issues for review. He asserts that (1) the failure to send him evidence violated due process of law; (2) the Chief Judge should be found to be lacking impartiality because of an earlier recommendation that he should be found vexatious; (3) he should have been given prior notice that his specific cases were deemed frivolous; (4) the Chief Judge should be prohibited from finding that a five-year-old case assigned to another courtroom was frivolous; (5) three of his earlier cases did not lack a colorable argument in fact and law; (6) this court should accord his appeal a high level of scrutiny because the restriction decision "highly impacts a person's rights and life," Aplt. Br. at 5; (7) the Chief Judge did not provide sufficient factual evidence to allow meaningful appellate review; (8) proceedings in the district court were not administrative; (9) he should have been provided a jury or at least an in-person hearing; (10) his due-process rights were violated by the denial of his Fed. R. Civ. P. 11 motion asserting that defendants lied to the court in the case triggering the restrictions; (11) his due-process rights were violated by the district court's refusal to allow him to respond to defendants' lies; (12) he cannot

be found vexatious because the triggering case was not frivolous; (13) he cannot be found vexatious for the frequency of filing motions where defendants thwarted discovery, committed perjury, altered a court order, and violated the Rules of Professional Conduct; (14) defendants' motion alleging his vexatiousness was not supported by evidence; (15) the district court did not carry its burden of proof concerning his vexatiousness; (16) the district court violated his due-process rights and the Federal Rules of Civil Procedure in finding him vexatious; (17) the district court's Order to Show Cause violated his due-process rights by failing to provide notice of the charges against him and the supporting facts; (18) the district court violated his due-process rights by failing to give him a chance to be heard; (19) the district court could not find that a five-year-old case was vexatious if the presiding judge had not made an earlier finding of frivolousness; (20) the Chief Judge failed to appreciate the evidence supporting his dispositive claims of judicial misconduct; (21) the Chief Judge fabricated an account of the district court's handling of his filings; (22) the district court should have utilized Fed. R. Civ. P. 11 before applying it against him; (23) the district court wrongfully applied Fed. R. Civ. P. 11 to find him vexatious for material shortcomings in his pleading practice; (24) the Chief Judge improperly allowed hearsay evidence; (25) the electronic filing procedures deny equal protection and access to the courts for pro se litigants; (26) the district court, not appellant, should be faulted for misplacing filings; (27) he should not be blamed for

-5-

submitting replacements for misplaced filings; (28) the district court should not be allowed to treat replacements as duplicative filings; (29) he should have been permitted to call witnesses on his behalf; (30) the Chief Judge should not have imposed restrictions on discovery "to convict an innocent person of what amounts to the loss of important rights and a tremendous harm to their character," Aplt. Br. at 8; (31) due process of law required disclosure of the evidence used against him; (32) the doctrine of laches applies to some of the supporting accusations; (33) the district court wrongly concluded that he filed multiple cases recasting the same complaints and arguments; (34) he did not improperly miss a deposition; (35) he did not file duplicative or repetitive motions; (36) the Order holding him vexatious is conclusory; (37) a district-court order prohibiting further motions was improper; (38) the current electronic-filing-system procedure as it relates to pro se litigants affected the outcome of this case and his rights; and (39) the case should have been transferred.

We have considered Mr. Raiser's numerous assertions of error and reject them. Indeed, his conduct in this appeal has confirmed the Chief Judge's finding that Mr. Raiser has established a pattern of submitting frivolous and repetitive filings. We hold that the Chief Judge's order meets constitutional requirements and the criteria delineated in *Andrews,* 483 F.3d at 1077. Therefore, we affirm the district court's decision to impose filing restrictions for substantially the same reasons set forth in its meticulous and well-supported Order entered January 15,

2008.  To the extent not previously granted, Mr. Raiser's combined Motion for Justice Signatures, Motion for Concurring Signatures, Motion for Justices to Certify they Read Briefs, and Motion for Augmenting Record is DENIED.

Entered for the Court


Harris L Hartz
Circuit Judge